State v. Leonard.

## THE STATE v. LEONARD, Appellant.

### Division Two, February 3, 1903.

1. **Forgery:** SIMILITUDE. To constitute forgery there must in the forged writing be such similitude to the genuine instrument as is necessary or reasonably calculated to accomplish the fraud.

2. ————: ————: RAILROAD TICKET: OFFICIAL DATE: ERASURE. The defendant was charged with having committed forgery, in this, that he erased the official date from a railroad ticket. *Held,* that as without an official date the ticket was void, and as the information did not charge that another date had been substituted for the one erased or obliterated, no such similitude to a genuine ticket was charged as would sustain a judgment of forgery.

3. ————: ————: ————: ————: ————: SURPLUSAGE. The charge that the date was obliterated can not be regarded as surplusage. It is an admission in the indictment itself that defendant can not be convicted, since without an official date there was no such similitude to the original as was calculated to deceive.

4. ————: PLEADING: UNNECESSARY ALLEGATION: SURPLUSAGE. An unnecessary allegation, which is so repugnant and inconsistent with the main charge as to declare that no offense has been committed, will not be treated as surplusage, but as an admission of record which the State can not deny.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED.

State v. Leonard.

*Thos. B. Harvey* for appellant.

(1) Persons accused of crime still have the right to be informed of the nature of the charge against them in clear, consistent and unambiguous averments, notwithstanding any statutes to the contrary. State v. Ferry, 109 Mo. 601; State v. Evans, 128 Mo. 406; State v. Furgerson, 152 Mo. 92. Some allegations when not material or necessary to the charge may be rejected as surplusage; and some authorities hold (though the great bulk are to the contrary) that where an instrument is set out *in haec verba,* an allegation of the purporting clause, inconsistent with the instrument itself, may be rejected as surplusage. But even this liberal rule can not reach and cure the flagrant repugnancy of this indictment; for the purporting allegations are found only immediately preceding and immediately following the tenor of the ticket. The repugnancies complained of are imbedded in the charging and explanatory allegations which are made directly and unequivocally. Purport improperly describing the import of the forged instrument, is not cured by setting out instrument *in haec verba.* The repugnancy is fatal. State v. Bean, 19 Vt. 530; Shinn v. State, 57 Ind. 144; Yount v. State, 64 Ind. 443; Sutton v. Com. (Ky.), 30 S. W. 665; State v. Horan, 64 N. H. 548; English v. State, 30 Tex. App. 470; Campbell v. State, 35 Tex. Cr. R. 182; Fite v. State, 36 Tex. Cr. R. 4. (2) An instrument void on its face, and not by reason of extrinsic facts, is not a forgery and not capable of being uttered. 13 Ency. of Law, p. 1093; 23 Am. Century Dig., col. 1499; 2 Bishop's New Cr. Law, sec. 538; State v. Warren, 109 Mo. 433.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) It is not essential, in order to constitute the crime of forgery, that the writing uttered be perfect in form. Indeed, the writing may purport to be made by some person or corporation that was incapable of making such an instrument. The only question is, will the paper writing have the effect to defraud those who may

act on it as genuine? It makes no difference, then, that a portion of the stamp, which is usually attached to tickets, was not discernible. The law goes no further than the falsity of the instrument and the fraudulent use of it as genuine. State v. Eads, 68 Mo. 150. The fact that the ticket was not plainly stamped can not be plead by defendant as a defense to this charge, any more than he could plead, if charged with counterfeiting the whole instrument, that he was not guilty of forgery because he had failed to make a complete likeness. It is not necessary that an instrument should be perfect in order to constitute forgery; it is sufficient if it bears such a resemblance to the document it is intended to represent as is calculated to deceive, provided its defects are not so open and palpable that one can not be deceived without being grossly negligent. State v. Tompkins, 71 Mo. 616; State v. Furgeson, 35 La. Ann. 1042; Garmier v. State, 104 Ind. 144; Com. v. Linton, 2 Va. Cas. 477; State v. Dourden, 13 N. C. 443; People v. Munroe, 124 La. Ann. 33; Costley v. State, 14 Tex. App. 156; People v. Bibby, 91 Cal. 470; Com. v. Costello, 120 Mass. 367; 2 McClain's Crim. Law, sec. 758. (2) As to the question of repugnancy: The ticket is set out in the indictment *in haec verba*. It shows a contract between two railroads to carry the purchaser of the ticket to Waverly, Ohio. It is gathered from the purporting clause of the indictment that the Baltimore and Ohio Southwestern Railway extended to Waverly. But the ticket and facts introduced in evidence show that the line of said railroad does not extend to that point and that passengers must change cars and take a different road at Chillicothe, Ohio, in order to reach Waverly. Under the rules of common law such repugnancy would probably be fatal to a valid indictment. But under the statutes and decisions of the State, where the instrument forged is set out according to its tenor, the purporting clause may be rejected as surplusage. R. S. 1899, sec. 2535; State v. Pullen, 81 Mo. 392; State v. Chamberlain, 89 Mo. 129; State v. Edwards, 60 Mo.

49; State v. Kroeger, 47 Mo. 552; State v. Fenley, 18 Mo. 454; State v. Yerger, 86 Mo. 33.

FOX, J.—The appellant in this case was indicted in pursuance of section 2012, Revised Statutes 1899, charged with having in his possession a forged railroad ticket. His trial upon this indictment resulted in a conviction and punishment assessed at imprisonment in the county jail for six months. Numerous errors are complained of and earnestly urged as causes for reversal of that judgment.

It is not necessary to a full understanding of the questions presented to copy the indictment. The ticket charged to have been forged is such a puzzle that a copy of it, in this opinion, would not add any light to the discussion of the matters submitted to us for determination.

It is first contended by appellant that the allegations in the indictment are so repugnant and inconsistent to each other as to have warranted the court in sustaining the demurrer to the evidence or the motion in arrest of judgment. In order to apply the proper tests as to the sufficiency of this indictment, it is well to first inquire as to the act by which forgery is committed. It is elementary that the act of forgery consists of causing a writing to appear of some legal efficacy, which in truth it does not possess, as by giving it the similitude of the genuine instrument. [2 Bishop's New Criminal Law (8 Ed.), sec. 572.] There must, in the forged instrument, be such a resemblance to the genuine, as is reasonably calculated to deceive or mislead. The resemblance need not be exact, but the instrument must be, "prima facie," fitted to pass as true. Bishop further says in discussing this question, "that the closeness of similitude where similitude is required, will vary somewhat with the cases; the question in each case being whether or not, in the particular instance, the forgery has the needful adaptation to accomplish the purposed fraud." [2 Bishop's New Cr. Law (8 Ed.), sec. 592.]

Vol 171 mo—40.

Measured by these principles, we see that there must be in the forged instrument a sufficient closeness of similitude to the genuine instrument as is necessary or reasonably calculated to accomplish the fraud.

The ticket charged to have been forged or altered, which it is further charged was in the possession of defendant, is set out according to its tenor. This ticket provides that it shall be good for passage "when officially dated." It also provides that "any alteration whatever of this ticket renders it void."

We take it that it is clear that the genuine ticket must be officially dated and must not have any material alterations. It must also follow that the forged ticket must have the appearance of a genuine official date, for without the official date it would not be reasonably calculated to deceive or mislead any one. As was said by witness Lihon, without such official date the ticket would be void. His inability to state whether the conductor would accept the ticket does not give validity to it; if its validity according to the instrument depended upon the official date, and such date was not there, it would be very rare that any frauds could be perpetrated with any such ticket.

Now as to the indictment: It sets forth the tenor of the ticket, and it contains the official date. Subsequently, it is charged plainly that the ticket, "with intent to injure and defraud was altered, forged and counterfeited, in this, to-wit, that the date-stamp upon the back thereof of August 29, A. D. 1899, was obliterated and erased." Now if said charge had followed with this allegation that a forged official date has been substituted for the genuine, we could readily see the force of it. But standing alone as a declaration in a criminal charge, that one of the very elements that gave validity to the genuine ticket was obliterated and erased, seems to us as an admission that the ticket, as charged to have been in the possession of the appellant, did not have sufficient closeness of similitude to the genuine ticket as to mislead or deceive any one. If that is the case, that the forged instrument did not bear such a resem-

blance to the instrument it is intended to represent as is calculated to deceive, then and in that case the appellant ought not to be convicted.

The important question so far as the indictment is concerned, is, whether the charge that the date-stamp upon the back of this ticket was obliterated and erased, can be treated as surplusage and therefore not to be regarded as such repugnancy or inconsistency as would invalidate the indictment. It must be remembered that the defendant had the right, during the entire progress of the trial, to question the right as to whether under the indictment he ought to be called upon to answer it. We are familiar with the line of cases that hold that where the instrument is set forth according to its tenor, the purporting clause may be rejected as surplusage. We are also familiar with the doctrine that it is unnecessary, in an indictment for forgery, to charge specifically the manner and method in which the instrument was forged. Without undertaking to pass upon the question as to whether it was necessary or not in this case to charge specifically the alteration of the railroad ticket, does it fall within the line of cases in which it is said that it may be treated as surplusage? We think this case turns upon a broader ground, and that is, if the State admits in her pleading a state of facts which shows that the defendant can not be convicted of the offense charged, then and in that case, he ought not to be put upon trial for such alleged offense. As an example, if the counsel representing the State should, when the case is called for trial, announce in open court that some material fact necessary to the conviction of the defendant does not in fact exist and he would be unable to prove it, would the court, upon this admission, put the defendant upon his trial, or would it suggest the dismissal of the case? In this case, if our interpretation of the charge that the official stamp and date being obliterated and erased, was in effect a charge that the ticket in possession of defendant did not so sufficiently resemble the one it was intended to represent as to render it deceptive and misleading, we have an admis-

sion by the record that the defendant can not be convicted of the offense with which he is charged.   The cases to which our attention has been directed, as an examination of them will demonstrate, in which the purporting clause is held mere surplusage, have reference to a simple variance from the tenor of the instrument. But on the other hand, there is no case which goes to the extent of saying that even an unnecessary allegation that is repugnant and inconsistent with the main charge to the extent of charging that no offense has been committed, will be treated as surplusage.   This is a broad admission of record and the State can not at pleasure deny it and claim that it was unnecessary and should be treated as surplusage.   The defendant, before being formally arraigned and hearing this indictment read or upon reading it, had the right to say, "I ought not to be called upon to answer this charge because the State admits a state of facts which shows that I can not be convicted of the offense alleged."

It is urged by counsel for the State in their brief filed that "it makes no difference, then, that a portion of the stamp, which is usually attached to tickets, was not discernible."   This contention by respondent is upon the theory that the evidence is conflicting as to the erasure of the date-stamp.   As to this contention, it is sufficient to say that the respondent is bound by the admission of record and no evidence is necessary to establish it.   It is unqualifiedly charged that the date-stamp was "obliterated and erased."   In place of making it resemble the genuine ticket, the very thing is done which would prevent it from being an instrument of fraud.   While it was discretionary with the court as to sustaining the motion to quash, there is one of three things it should have done.   It should have, at the close of the State's case, instructed the jury that, under the indictment and evidence in this cause, they should find defendant not guilty, or this instruction should have been given at the close of the entire case, or it should have sustained the motion in arrest of judgment.

In view of the conclusions reached as set forth in

this opinion, it renders it unnecessary to pass upon the other question involved; however, we will say that we have carefully considered the testimony in this cause, and are of the opinion that it is not sufficiently clear and satisfactory to warrant a conviction of the alleged offense. For the reasons herein expressed, the judgment in this cause will be reversed and the defendant discharged. All concur.