## PROFFITT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

### No. 3417.

1. **Courts ⬥337—State statutes as to indictments not controlling In federal courts.**
   State statutes are not controlling in determining the sufficiency of an indictment in federal courts.

2. **Conspiracy ⬥43(6)—Indictment held sufficient.**
   An indictment for conspiring to commit the offense of receiving, concealing, buying, selling, and facilitating the transportation, concealment, and sale of opium prepared for smoking and imported from a foreign country *held* sufficient.

3. **Conspiracy ⬥24—Unlawful combination is essence of offense.**
   The essence of the crime of conspiracy is the unlawful combination.

4. **Conspiracy ⬥43(3)—Indictment need not set forth intended means of accomplishing unlawful purposes.**
   If the object of a conspiracy is the accomplishment of some unlawful act, the means by which such act is to be accomplished need not be set forth in an indictment.

5. **Conspiracy ⬥41—Commission of overt act by any conspirator chargeable to all.**
   Where defendant and others conspired to receive, conceal, etc., opium prepared for smoking imported from a foreign country, the commission of an overt act by any of the conspirators fixed the crime upon all.

6. **Poisons ⬥9—Indictment for receiving and concealing imported opium held sufficient.**
   Counts of an indictment for receiving, concealing, and facilitating the transportation and concealment of opium prepared for smoking and imported from a foreign country *held* sufficiently direct and certain as to the particular circumstances of the crimes charged.

7. **Indictment and information ⬥125(4)—Count for receiving and concealing opium, etc., not duplicitous.**
   Counts of an indictment charging that defendants "did knowingly * * * receive, conceal, and facilitate the transportation and concealment of opium prepared for smoking; that is to say, the said defendants did * * * take the said opium prepared for smoking in an automobile to a certain point, * * * and then and there did secrete and hide the said opium," was not duplicitous, since, if the receiving, concealing, and facilitating the transportation and concealment constituted separate crimes, the general words were qualified and limited by what followed.

---

**8. Poisons ⚫⇒9—Indictment for receiving and concealing opium, etc., not defective for failure to allege overt act.**

Counts in an indictment charging that defendants received, concealed, and facilitated the transportation and concealment of opium, and then specifically charging that they took such opium in an automobile to a certain point, and there secreted and hid it, were not open to the objection that they charged no overt act; such counts not being for conspiracy.

**9. Conspiracy ⚫⇒43(5)—Overt act not applicable to specific crimes.**

What is technically known as an overt act is peculiar to an indictment for conspiracy, and has no application to specific crimes.

**10. Criminal law ⚫⇒1170½(3)—Questions to which objections were sustained not prejudicial.**

On a trial for receiving, concealing, etc., opium prepared for smoking, and conspiring to do so, where a witness testified that defendant was in his garage, trying to borrow a car, at a certain time, and that the car was that of B., questions as to whether he did not know that B. was picked up with opium in his possession and taken to the police station, and his car taken away from him and put in the witness' garage, and whether B. was under arrest at the time, to which objections were sustained, were not prejudicial.

**11. Criminal law ⚫⇒1036(2)—Objections to confidential communications, not presented below, not reviewable.**

The objection that the wife of defendant's witness, testifying in rebuttal for the government, testified to confidential communications, is not properly before the court when not made below.

**12. Witnesses ⚫⇒220—Objections insufficient to raise question of confidential communications.**

An objection that a question was incompetent and called for hearsay did not raise an objection that it called for confidential communications between husband and wife.

**13. Criminal law ⚫⇒1137(5)—Error invited, where defendant's counsel said he had no objection.**

Where defendant's counsel objected to a question, whereupon the United States attorney explained that it was impeaching testimony, and the court then inquired what objection defendant had under those circumstances, to which the counsel answered, "None," any error was invited, and not ground for reversal.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Howard J. Proffitt was convicted of offenses, and he brings error. Affirmed.

The indictment in this case contains four counts. The first charges a conspiracy to commit an offense against the United States in the following language: That the defendants "did knowingly, willfully, unlawfully, corruptly, fraudulently, and feloniousy conspire, combine, confederate, and agree together, and with divers other persons whose names are to the grand jurors unknown, to commit an offense against the United States, to wit, the offense of receiving, concealing, buying, selling and facilitating the transportation, concealment and sale of opium prepared for smoking, which said opium prepared for smoking then and there had, been imported into the United States from a foreign country, said foreign country and the place of importation are to the grand jurors unknown, after the 1st of April, 1909, contrary to law, the said defendants then and there knowing that the said opium prepared for smoking then and there had been so imported into the United States contrary to law." The indictment then sets forth four several overt acts to effect the object of the conspiracy.

⚫⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The second count charges a direct offense against the United States, as follows: That the defendants "did knowingly, willfully, unlawfully, fraudulently, and feloniously receive, conceal, and facilitate the transportation and concealment of opium prepared for smoking; that is to say, the said defendants did, at the time and place aforesaid, take the said opium prepared for smoking in an automobile to a certain point in the said city of Los Angeles, said point is to the grand jurors unknown, and then and there did secrete and hide the said opium prepared for smoking, the quantity of said opium prepared for smoking so received and concealed, and the transportation and concealment of which was so facilitated, was contained then and there in about fifty (50) cans of the sizes commonly called 5-tael and 4⅛ tael, the exact quantity of the said opium prepared for smoking, and the exact number of said cans is to the grand jurors unknown, which said opium prepared for smoking then and there had been imported into the United States from a foreign country, the said foreign country and the place of importation are to the grand jurors unknown, after the 1st day of April, 1909, contrary to law, the said defendants then and there knowing that the said opium prepared for smoking then and there had been so imported into the United States contrary to law."

The third and fourth counts are similar to the second, but relate to different transactions. A demurrer to the indictment was overruled, and a trial was had before a jury.

On the trial of the case one Holmes was called as a witness on behalf of the defendants, and testified that the defendant Proffitt was at his garage in Los Angeles arranging for repairs on his car at the time Proffitt was located by the government witnesses at Pasadena, several miles distant. The witness further testified that Proffitt asked to borrow a car from the witness while his own car was undergoing repairs. On cross-examination the witness was asked if this was the Baptieste car and answered in the affirmative. The witness was then asked, "Who is Baptieste?" and the question was objected to as not cross-examination, incompetent, and immaterial. On assurance of the assistant United States attorney that the materiality would appear later, the court overruled the objection and no exception was taken. The witness was then asked the following question: "Now, don't you know that Baptieste was picked up by Proffitt and Hill when he had opium in his possession, that he was taken down to the police station, and that his car was taken away from him and put in your garage?" To this question an objection was interposed and sustained by the court. Again the witness was asked, "Was Baptieste under arrest at the time?" but again an objection to the question was sustained.

On cross-examination the witness was further asked if he had not made certain statements in the presence of his wife, and answered that he had, in substance. The wife was then called as a witness in rebuttal and testified to the conversation, over an objection interposed on the ground "that same is incompetent, irrelevant, and immaterial, calling for hearsay evidence, outside of the presence of either one of these defendants." The assistant United States attorney then explained to the court that this was impeaching testimony. The court inquired whether this was the same question submitted to Holmes, and was answered in the affirmative. The court then asked counsel for the defendants the following question: "Under those circumstances, Mr. Dominguez, what objection have you?" and the answer was, "None."

From a judgment of conviction, the defendant Proffitt has sued out a writ of error.

Frank E. Dominguez, Milton M. Cohen, Will H. Willis, and William Thomas Helms, all of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge (after stating the facts as above).  [1-4]
1. The first assignment of error is based on the order overruling the
demurrer.  Numerous objections to the different counts of the indict-
ment are raised by the demurrer, but many of these are based on the
statutes of California, which are not controlling in this court.  The
two principal objections, and the only ones deemed worthy of notice,
are:  First, that the indictment is not direct and certain as to the
particular circumstances of the crimes charged; and, second, that the
last three counts of the indictment charge more than one crime and
are duplicitous.  The first count of the indictment is in the usual
form in such cases.  The essence of the crime of conspiracy is the
unlawful combination, and if the object of the conspiracy is the ac-
complishment of some unlawful act, the means by which the un-
lawful act is to be accomplished need not be set forth in the indict-
ment.  State v. Messner, 43 Wash. 206, 86 Pac. 636, and cases there
cited.  A similar indictment was upheld by this court in Shepard v.
United States, 236 Fed. 73, 149 C. C. A. 283.

[5-7] The claim that none of the overt acts charged were commit-
ted by the plaintiff in error is of no moment.  Under the express
terms of the statute, the commission of an overt act by any of the
conspirators fixes the crime upon all.  The remaining three counts of
the indictment are both direct and certain as to the particular circum-
stances of the crimes charged.  Indeed, no detail seems to be omitted.
The claim that the counts are duplicitous is equally unfounded.  Crain
v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; Shep-
ard v. United States, supra.  If, indeed, receiving, concealing, and
facilitating the transportation and concealment of opium constitute
three separate and distinct crimes, yet these general words are neces-
sarily qualified and limited by what follows.

[8, 9] The claim that the three last counts charge no overt act is
not well founded in fact, and, furthermore, what is technically known
as an overt act is peculiar to an indictment for conspiracy, and has
no application to the specific crimes charged in the last three counts.

[10] 2. The objections to the questions concerning Baptteste and
his car were sustained by the court, and we fail to see how the plain-
tiff in error could be prejudiced thereby.  The questions may have
been improper, as the court below ruled, and were perhaps ill-advised;
but they afford no ground for the reversal of a judgment which is
otherwise free from error.

[11-13] 3. The last assignment of error is based upon the ground
that the wife of the witness Holmes was permitted to testify to con-
fidential communications between husband and wife.  This question
was not presented to the court below, and is not properly before this
court.  The general objection, that the testimony was incompetent
and that the question called for hearsay, tended to mislead rather
than to enlighten the court.

"In order to be effective, an objection must be directed to the competency
of the witness to testify as to particular matters as to which the statute
makes him incompetent, and an objection which must be so understood by
the court and the opposing counsel is sufficient."  40 Cyc. 2350.

The objection in this case was not sufficient to inform the court and opposing counsel of the specific objection now urged. Indeed, when counsel was asked by the court what objection he had to the testimony, after counsel for the government had explained the object, the answer was in effect that there was none, so that the error, if any, was invited, and cannot be made a ground for reversal.

A careful examination of the record satisfies us that no error prejudicial to the plaintiff in error was committed on the trial, and the judgment is affirmed.