RICHARD D. DONNELLY, RESPONDENT, v. PARAMOUNT ORGANIZATION, INCORPORATED, A CORPORATION, APPELLANT.

Submitted February term, 1932—Decided May 16, 1932.

For the respondent, *Alexander T. Schenck.*

For the appellant, *Samuel S. Ferster.*

The opinion of the court was delivered by

CASE, J.    The appeal originally was from a judgment entered on a directed verdict for the plaintiff in the First District Court of Newark and comes to us from the Supreme Court, where there was an affirmance.

Plaintiff's state of demand alleged that plaintiff had made a purchase contract with the defendant under date of September 17th, 1930, directing the defendant to record plaintiff's order for a Packard car; that a payment of $238.50 was made on execution; that the instrument contained this paragraph:

"This application, with deposit, is made with the understanding that you will send me your usual signed purchase order and that if any feature of such purchase contract be objectionable to me or not according to my understanding, you will upon my written request cancel this application and promptly return to me the above-mentioned deposit;" that the defendant never forwarded the purchase order; that on October 3d the defendant informed the plaintiff it would be unable to deliver and agreed to refund the payment of $238.50, but had not done so; and recovery of the sum deposited was sought. A demand for filing specification of defenses was endorsed upon and served with the complaint and was not complied with; but this is of no consequence as the true amount intended to be recovered was less than $300. *Cum. Supp. Comp. Stat.* (1925-1930), *pp.* 61, 61b. The matter went to trial, and the attorney for the plaintiff opened to the jury with the statement, in substance, that the defendant had failed to send the signed purchase order, that the plaintiff had demanded the return of the deposit and that the defendant had refused to return the same. The attorney for the defendant, in his opening, admitted the making of the contract alleged in the state of demand, admitted the receipt of the deposit and stated that defendant would prove that on October 3d, 1930, plaintiff requested that the order for the automobile be canceled and that the defendant replied that it would cancel the order upon conditions; that the plaintiff did not comply with the conditions thus imposed and that the defendant therefore relied upon the original contract. Immediately at the close of defendant's opening, without intimation of the court's purpose and without opportunity to counsel to be heard further, the court on its own motion directed the jury to bring in a verdict for the plaintiff for the amount of the deposit because, as recited in the record settled by the court, "the order specifically provided for the cancellation of the contract by the plaintiff at his option, the sending of a signed purchase order by the defendant, and the return of his deposit upon written de-

.mand; that the defendant had failed to send a signed purchase order and had refused to return the deposit after receiving written notice of cancellation, and had sought to make the plaintiff apply the money deposited under the contract to the purchase from the defendant of something not contemplated by the contract." While the judge was directing the jury to bring in a verdict the defendant's attorney attempted to address the court. He was not permitted to speak until the jury had returned its verdict in accordance with the court's instruction, whereupon, being permitted to take exceptions, he objected to the court's statement that no purchase order had been sent and further asserted that a signed purchase order had in fact been sent.

Defendant's attorney was quite evidently endeavoring to apprise the court that he wished to supplement his opening with a denial of the alleged failure of defendant to send the signed order. The assertion of failure in that respect was a material allegation in the state of demand, and in plaintiff's opening, as well as a ground given by the court for its ruling. Without the proof or admission of that allegation plaintiff's case fell. The suit was not grounded on the plaintiff's reserved right to cancel upon dissatisfaction with the wording of the order; it was grounded on the defendant's alleged failure to send the order and inability to deliver the car. Therefore the denial which was sought to be interposed would have traversed the plaintiff's pleading and presented an issue for the jury.

This being so, we think defendant should have been heard. The right of a court generally to nonsuit or to direct a verdict on the opening is not involved. Such a right exists, but it should not be exercised inconsiderately or without opportunity to counsel, with knowledge that a court ruling impends, to state his case on issuable points. Ordinarily an opening is a concise statement of the party's case to the jury; but haste, or lapse of memory, may easily cause an important fact to be omitted. Had a motion for direction in the instant case come from the other side the defendant would have

had opportunity to inform the court of the omission. The practice pursued was not, in our opinion, consonant with the right of a party to be heard. Chancellor Magie, speaking for this court in *Kelly* v. *Bergen County Gas Co.*, 74 *N. J. L.* 604, said:

"In practice, a motion for a nonsuit, made upon the opening of counsel, is, perhaps, more liberally treated than an application for a nonsuit at the close of the plaintiff's case. In the former case, if objection be made to a statement too meagre to sustain the plaintiff's case, counsel will, doubtless, be permitted to enlarge his statement. But in the haste required by the pressure of business at the present day, counsel, in general, restrict themselves to a mere outline of the case they design to present."

In *Oscanyan* v. *Winchester Repeating Arms Co.*, 103 *U. S.* 261; 26 *L. Ed.* 539, Mr. Justice Field, while sustaining the direction of verdict made on an opening, said:

"Of course, in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain and qualify it, so far as the truth will permit * * *."

Judgment below is reversed to the end that a *venire de novo* be awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.