## McGOVERN v. HITT et al.
### No. 5621.

Court of Appeals of the District of Columbia.
Argued Jan. 10, 1933.
Decided March 6, 1933.

P. Michael Cook, of Washington, D. C., for appellant.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

In this case the trial court directed a verdict for the defendants on plaintiff's opening statement, which is the ground of this appeal.

Ordinarily, the opening statement of counsel is intended merely to advise the jury with regard to the questions involved and to inform them of the facts on which the plaintiff relies to recover, and generally the court would not be justified in stopping the trial unless it was clearly apparent that in no circumstances could the plaintiff recover in the action. The course which the court took in the present case is permissible only where the case of the plaintiff is stated fully and precisely, with opportunity to counsel, after the motion is made, to correct or add to his statement. If it then appears that the plaintiff is not entitled to recover, the motion to direct a verdict may be granted. The Supreme Court has announced this to be the rule in the case of Oscanyan v. Winchester Co., 103 U. S. 261, 26 L. Ed. 539. There Mr. Justice Field, speaking for the court, said (page 264 of 103 U. S.) : "He should be allowed to explain and qualify it, so far as the truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action."

In the present case the plaintiff sued to recover the reasonable value of his services as an expert consultant in handling a case before the Interstate Commerce Commission. The defendants averred that the services were rendered pursuant to a specific written contract. The plaintiff admitted entering into the written contract but averred that the defendants willfully breached one of its material provisions, requiring that the plaintiff's name should appear on a second and final brief filed in the case. The contract provided, first of all, compensation at the rate of $300 a month for plaintiff's services, and a contingent fee of $2,000 additional compensation in the event of the successful conclusion of the litigation. Paragraph 3 is as follows: (Plaintiff) "Agrees and obligates himself to prepare and write a first draft of the brief for account of the aforesaid short and weak lines represented by party of the first part, and to aid in its completion as far as may be desired." Paragraph 4: "Party of second part [plaintiff] to appear of record and on brief."

In the statement to the jury counsel for plaintiff said that the action grew out of the refusal of defendants to place plaintiff's name on a second brief filed with the Interstate Commerce Commission. It was not contended that plaintiff had not prepared the first brief as he agreed to do or that his name did not appear on that brief, but it is averred that, after the main brief is filed and considered, the practice before the Commission is that the examiner advises counsel of the sort of report he intends to make, and it is allowable in such circumstances to file exceptions to the proposed report; that in this case the defendant Hitt filed exceptions to the proposed report of the examiner and plaintiff's name was not included as of counsel on this paper. In the opening statement, counsel for plaintiff said: "That was the breach which we are alleging, that his name was left off that second brief, the exceptions brief, filed with the Interstate Commerce Commission."

The court then asked counsel whether the plaintiff had done any work in the preparation of that brief, and counsel replied that plaintiff had consulted with and advised the defendant Hitt as to the preparation of the exceptions brief and that much of it "was lifted bodily from the original brief." The court then asked if plaintiff's name had appeared as counsel of record in the proceedings and report of the Interstate Commerce Commission, and was informed that it had. In a further colloquy between counsel and the court it was agreed that plaintiff "is relying for his right to recover because of the fact that his name did not go on the second brief, which plaintiff does not contend he had a right to prepare." No special damage was alleged by reason of the omission of plaintiff's name from the second brief, and, when asked if any damage would be attempted to be shown by reason thereof, counsel replied that all he could say on that subject was that he had made no statement claiming damages on

that account, to which the judge replied that he thought himself justified in construing that position as an admission that there was no damage, or no damage that could be proved.

In this case there is no question that after the motion for a directed verdict opportunity was given to counsel to correct his statement or to enlarge it so far as he could to avoid the granting of the motion, and that notwithstanding this nothing more appeared than is shown above. In these circumstances, and having recourse to the contract itself by which the rights of the parties must be determined, we are of opinion that the action of the lower court was correct.

■ The contract, as we have pointed out, obligated plaintiff to prepare and write a first draft of brief. Immediately following this provision is the sentence we have quoted above, that the plaintiff's name should "appear of record and on brief." There is no dispute that plaintiff's name as counsel was entered of record in the case and appears in the report and findings of the commission. The action is to recover damages for failure to insert his name on the so-called exceptions brief, but it is admitted at the same time that plaintiff was not obligated by his contract to prepare this second brief, nor is it contended that he did prepare it.

The things which plaintiff was to do are definitely shown and there is no dispute that he did them as agreed. Among these was the preparation of the first brief, and this he duly prepared and signed. He had then discharged his contract, and what followed after was not a matter with which he was concerned—except as to the result. He was then entitled to his compensation as agreed, dependent only upon the final success of the litigation. If this be true, and admittedly it is true, it does not seem to us that the language of the contract providing that his name should appear "on brief" had any reference to any other brief than the one he was to prepare. Certainly he might have objected to the appearance of his name on a brief he had not prepared, and which at the time of the contract he had not contemplated preparing, or participating in. The name of counsel on a brief is to assure the court that it is prepared and vouched for by a member of its bar, and the court receiving it has a right in a proper case to take disciplinary action against counsel whose name so appears for any improprieties which it may contain.

In this aspect it is important that any counsel appearing on a brief should at least have read it, and thereby approved it; even

if he did not write it, or participate in writing it, and the practice of signing the name of counsel to a brief which he has neither written nor read, is not to be commended. But aside from this, and reverting to the contract itself, we think it obvious from its own terms that no other conclusion may be reached than the one mentioned above, namely, that the obligation of plaintiff was to prepare and sign the main brief. This was one of the things plaintiff was to do. On the other hand there is nothing in the contract which actually binds the defendants to put plaintiff's name on any brief—first or last. The $5,000 compensation agreed to be paid has been paid, and the obligation of the defendants so discharged. We perceive nothing in the contract which would permit plaintiff, who has accepted its substantial benefits, to rescind the agreement and sue the defendants on the theory that they have violated a covenant of the agreement, because we find no such covenant to be performed by defendants as that on which his action is based. There was, therefore, no breach of the contract even of a subordinate character, and the judgment of the lower court should be and is affirmed.

Affirmed.