**UNITED STATES v. REGAN et al.**

No. 32204.

District Court, N. D. of Illinois, E. D.
Dec. 19, 1940.

Wm. J. Campbell, of Chicago, Ill., for plaintiff.

John F. Tyrrell, of Chicago, Ill., for Brophy and others.

West & Eckhart, Owen A. West, and John Neal Campbell, all of Chicago, Ill., for Western Union Tel. Co.

Floyd E. Thompson and Edward R. Johnston, both of Chicago, Ill., for McBride and others.

Wm. J. Corrigan, of Chicago, Ill., for Wexler.

Bryan Purteet, of St. Louis, Mo., for Molasky and another.

HOLLY, District Judge.

Defendants are accused of conspiracy to violate Section 237, Cr.Code 18 U.S.C.A. § 387, which makes it a criminal offense to carry from one state to any other state any list of prizes drawn or awarded by a lottery. In the first three pages of the indictment defendants are charged, in general terms, with the commission of the offense. Very little added to this, together with averment of overt acts, would have constituted a good indictment, sufficiently setting forth the offense charged. Frohwerk v. United States, 249 U.S. 204, 209, 39 S.Ct.

249, 63 L.Ed. 561, Jelke v. United States, 7 Cir., 255 F. 264, 275, Profitt v. United States, 9 Cir., 264 F. 299.

But the pleader has in eleven additional pages, set forth the alleged conspiracy in detail and the indictment must be tested by the sufficiency of these averments. They may not be rejected as surplusage. Bishop's Criminal Procedure, § 482; State v. Leonard, 171 Mo. 622, 71 S.W. 1017, 94 Am.St.Rep. 798.

As nearly as I can determine from the rather confused averments of the indictment the agreement of the conspirators or the purpose of the combination was this:

Certain persons were operating lottery schemes, the prizes awarded "being the combinations of figures known as 'mutuel prices' or closing odds for each race run at various tracks of the United States" and the conspirators combined to have such mutuel prices or closing odds transmitted to the said operators of lotteries as promptly as possible by means of facilities provided by the Western Union Telegraph Company.

"Mutuel prices" whatever the term may mean is here treated as synonymous with "closing odds", and clearly "closing odds" are not lists of prizes drawn or awarded by means of a lottery.

In my opinion the indictment does not charge the defendants with the commission of a crime and the demurrer must be sustained.