### ROSE et al. v. UNITED STATES.
#### No. 10445.

Circuit Court of Appeals, Ninth Circuit.
June 4, 1945.

Morris Lavine and Benjamin J. Goodman, both of Los Angeles, Cal., for appellants.

Charles H. Carr, U. S. Atty., and James M. Carter and Ernest A. Tolin, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Benjamin Rose, Louis Vitagliano, and three others were tried and convicted in the district court of violating § 88, Title 18 U.S.C.A. The indictment alleged that they "unlawfully, wilfully, knowingly, corruptly, fraudulently and feloniously" engaged in a conspiracy, beginning about December 12, 1941, and continuing until the return of the indictment, "to commit offenses against the United States, that is to say, to sell, trade, lease, ship and transfer new rubber tires, casings, and tubes to consumers and other persons in violation of the statute, executive orders, regulations and directives hereinbefore referred to." The indictment was filed January 27, 1943. After sentence was pronounced, Rose and Vitagliano appealed. The trial court up-on stipulation ordered that the appeals be tried together and that one bill of exceptions be filed for both.

The indictment mentions several statutes under which the rationing of rubber products has been authorized. The first, entitled "An Act to expedite national defense, and for other purposes," was adopted June 28, 1940, Public Law 671, 76th Cong., 3rd Sess., 54 Stat. 676, and was amended May 31, 1941, Public Law 89, 77th Cong., Ch. 157, 1st Sess., H.R. 4534, 55 Stat. 236. Subsequently on March 27, 1942, it was amended by Title III, § 301, of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633.[1]

Also listed in the indictment are relevant orders, directives, and regulations. The Office of Production Management issued three orders between December 10 and December 27, 1941. The orders prohibited with some exceptions the sale in the United States of new rubber tires and tubes, established regulations, and authorized the Office of Price Administration (OPA) to enforce the regulations and to issue regulations of its own. That Office immediately adopted certain regulations on December 30, 1941. Thereafter, two executive orders (No. 9024 and No. 9040) created the War Production Board (WPB) and transferred to it the powers and duties of the Office of Production Management. The WPB issued Directive No. 1 authorizing the OPA to exercise the powers and duties conferred upon the President to ration materials, including rubber products. Then on February 11, 1942, the OPA issued regulations superseding those of the previous December and prohibiting the transfer of new rubber tires and tubes without certificates of local rationing boards except as otherwise provided in the regulations.

Appellants complain that the district court erred in overruling their demurrers to the indictment because, they insist, the indictment fails adequately to state an offense against the laws of the United States. They claim the indictment defective in charging a conspiracy commencing December 12, 1941, to violate the Second War Powers Act, which was not adopted

---

[1] § 2(a) (2) of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633(2) (a) (2), provides: " * * *. Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense."

until March 27, 1942. The claim is unfounded as the conspiracy was unlawful under previous statutes named in the indictment and continued to be unlawful under the subsequently enacted statutes.

■ According to appellants' view the indictment is vague and indefinite because it fails to specify what acts were to be done under the conspiracy and therefore to apprise them of the precise offense with which they are charged, and because it fails to identify the offense with sufficient definiteness to protect them from double jeopardy. They cite cases following the principle that an offense must be stated with greater particularity than is found in a statutory definition too general in terms to identify the crime charged. Keck v. United States, 1899, 172 U.S. 434, 437, 19 S.Ct. 254, 43 L.Ed. 505; United States v. Hess, 1888, 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516; United States v. Carll, 1881, 105 U.S. 611, 612, 26 L.Ed. 1135; Jarl v. United States, 8 Cir., 1927, 19 F.2d 891, 893; Foster v. United States, 9 Cir., 1918, 253 F. 481, 482. The rule stated by appellants is accurate, but the indictment herein is not subject to the frailties mentioned in the cited cases.

■ The sufficiency of an indictment must be determined on the basis of practical rather than technical considerations. Hopper v. United States, 9 Cir., 1944, 142 F.2d 181, 184; Martin v. United States, 4 Cir., 1924, 299 F. 287, 288. It is not the law that to charge conspiracy to commit an offense, all the elements need be precisely alleged. Wong Tai v. United States, 1927, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545; Williamson v. United States, 1908, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278. This court has held that: "The essence of the crime of conspiracy is the unlawful combination, and if the object of the conspiracy is the accomplishment of some unlawful act, the means by which the unlawful act is to be accomplished need not be set forth in the indictment." Proffitt v. United States, 9 Cir., 1920, 264 F. 299, 302. In the instant case a fraudulent conspiracy to transfer rubber tires and tubes in violation of rationing regulations is charged, the terms of the applicable regulations are mentioned in the indictment, and overt acts in furtherance of the object of the conspiracy are therein set forth. These allegations are sufficient.

■ We note the argument that since the tire rationing regulations contain exceptions permitting transfers in certain circumstances by retailers and since appellants were authorized dealers in tires, the language of the indictment charged no public offense. The conclusion does not follow from the stated facts. It is the unlawful scheme to prepare for and accomplish the act of commercially handling tires and tubes contrary to and not in accord with the wartime regulation that constitutes the criminal conspiracy in this case. It is in such a case that exceptions need not be negatived in the indictment. Davis v. United States, 9 Cir., 1921, 274 F. 928; Hockett v. United States, 9 Cir., 1920, 265 F. 588.

Enough is stated in the indictment to reveal the offense to be met and to protect against double jeopardy. The indictment is adequate.

■ Appellants contend that the district court erred in denying their motions for bills of particulars. They had demanded particulars as to what statute and what provisions of the tire rationing regulations they had conspired to violate and how conspiring to violate such provisions constituted an offense. The indictment referred specifically to the regulations and the statutes involved. The purpose of a bill of particulars is to secure facts, not legal theories. The district court did not abuse its discretion in denying the bills. Wong Tai v. United States, 1927, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545.

■ After the government's opening statement at the trial appellants moved the court to dismiss the action on the ground that the facts stated by counsel for the government do not constitute a conspiracy. The district court denied the motion and ruled that the government could make a further opening statement and could voice therein its intention to prove all the allegations of the indictment. The court committed no error.

The purpose of an opening statement is merely to advise the jury of the questions and facts involved in the matter before them. The court is justified in terminating a case after the opening statement of plaintiff's counsel only when the statement affirmatively shows that plaintiff has no right to recover, and only when the opportunity to correct or embellish it has been given plaintiff subsequent to defendant's motion to dismiss or to direct a verdict. Best v. District of Columbia, 1934, 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882; Oscanyan

v. Arms Co., 1880, 103 U.S. 261, 264, 26 L.Ed. 539; Lucas v. Hamilton Realty Corporation, 1939, 70 App.D.C. 277, 105 F.2d 800, 803; Stuthman v. United States, 8 Cir., 1933, 67 F.2d 521, 523; McGovern v. Hitt, 1933, 62 App.D.C. 33, 64 F.2d 156, 157.

The point is made that the evidence adduced at the trial was not sufficient to justify the verdicts of guilty. It is appellants' theory that each of the defendants mentioned in the indictment held a retail dealers' sales license, operated a bona fide place of business, and with respect to the overt acts listed dealt with others similarly situated, that the overt acts were therefore innocent and not competent, relevant, or material as proof of guilt, and that without proof of at least one overt act there can be no lawful conviction.

▮ Conspiracy is an offense which from its very nature can rarely be proved by direct evidence. Ordinarily, only the results of a conspiracy, and not the private plotting and promoting, are observed. Like any other issue of fact conspiracy may be proved by circumstantial evidence. Williams v. United States, 6 Cir., 1925, 3 F.2d 933, 935; Smith v. United States, 8 Cir., 1907, 157 F. 721, 728.

▮ It should be remembered too, that: "The proof in a criminal case need not exclude all doubt. If that were the rule, crime would be punished only by the criminal's own conscience, and organized society would be without defense against the conscienceless criminal and against the weak, the cowardly and the lazy who would seek to live on their wits. The proof need go no further than reach that degree of probability where the general experience of men suggests that it has passed the mark of reasonable doubt." Henderson v. United States, 9 Cir., 1944, 143 F.2d 681, 682.

▮ Although to support a charge of conspiracy there must be proof of an overt act, it need not be in itself a criminal act. United States v. Rabinowich, 1915, 238 U.S. 78, 86, 35 S.Ct. 682, 59 L.Ed. 1211; Marino v. United States, 9 Cir., 1937, 91 F.2d 691, 695, 113 A.L.R. 975. It must, however, be an act done in furtherance of the conspiracy. The following cases relied upon by appellants, go no further.

Fain v. United States, 8 Cir., 1913, 209 F. 525; Tillinghast v. Richards, D.C.R.I., 1915, 225 F. 226; United States v. Biggs, D.C. Colo., 1907, 157 F. 264.

According to the evidence herein various members of the original group of defendants bought tires and tubes from other dealers on numerous occasions, and efforts were made to conceal their transportation and storage. One trucker carried two loads to a storage room; after the first delivery the room was approximately two-thirds full of tires, but upon the second delivery some twenty days later very few tires remained.

The testimony reveals conflicting statements by a defendant as to ownership of certain tires, false invoices to account for the disposition of tires, the purchase of inner tubes from appellant Rose without rationing board certificates by one not a dealer in tires,[2] and an instance of Rose's entering into negotiations with an OPA investigator for the sale of tires without certificates.

▮ The overt acts, alleged in the indictment and proved, were not necessarily criminal in and of themselves, but they showed a concerted effort on the part of appellants and others to acquire a large stock of new rubber tires and tubes and to conceal from outsiders the knowledge of their acquisition and disposition. The accumulation of the stock and its rapid and unexplained depletion without rationing certificates together with concealment of the activities, falsification of records, a sale of tubes, and conflicting and misleading statements to OPA investigators constitute significant and persuasive evidence of the Black Market conspiracy. There was substantial evidence to support the verdict of the jury.

▮ Several motions to strike evidence were made by appellants which were properly denied by the trial court although appellants argue to the contrary. One ground specified as establishing error in this regard is that the corpus delicti had not been proved. The recital in the preceding paragraph answers this claim. Another asserted error in the ruling on motions to strike is that various parts of the evidence

---

[2] The absence of a showing that the tubes sold were new is claimed by appellants, but an inference to the contrary is reasonable in view of testimony that Rose was seen packing new tubes into his car and that appellants' treatment of the point at the trial assumed the newness of the tubes.

are in no way connected with appellant Rose and that other parts of the evidence are hearsay as to both appellants Rose and Vitagliano. But statements made by one conspirator to further the object of a conspiracy are binding upon all conspirators. See Jung Quey v. United States, 9 Cir., 1915, 222 F. 766, 771.

Appellants object to the district court's denial of their motions for arrest of judgment. They base their argument, first, on the defectiveness of the indictment, a point already disposed of, and second, on the admission of evidence illegally seized. The evidence consists of tires taken from one of the conspirators' storage places by members of the Los Angeles Police Department on September 19, 1942. The appellants were indicted January 27, 1943, and the trial was begun May 3, 1943. Objection to the use of the tires as evidence was made for the first time when they were offered into evidence, more than seven months after they were seized, and again on motion for arrest of judgment. The point was not seasonably raised, even assuming the search and seizure illegal, and therefore must be considered waived. United States v. Salli, 2 Cir., 1940, 115 F.2d 292, 293; Peters v. United States, 9 Cir., 1938, 97 F.2d 500, 502; Rossini v. United States, 8 Cir., 1925, 6 F.2d 350, 352.

The Second War Powers Act, 50 U.S.C.A.Appendix, § 633, is not unconstitutional. It establishes standards detailed enough to overcome the objection of an invalid delegation of power. United States v. Randall, 2 Cir., 1944, 140 F.2d 70; O'Neal v. United States, 6 Cir., 1944, 140 F.2d 908. Appellants' contention that the Act is too vague and indefinite to form a standard of penal conduct does not give effect to subsection 2(a) (2), which authorizes the President to allocate materials or facilities in definitely prescribed circumstances.

Affirmed.