366 P.2d 708

Don STUBBLEFIELD, Parent and next
friend of Janice Stubblefield,
Plaintiff-Appellant,

v.

Gary CRAWFORD, Defendant-Appellee.

No. 6927.

Supreme Court of New Mexico.

Dec. 5, 1961.

Dale B. Dilts, Albuquerque, for appellant.

Garland & Martin, Las Cruces, for appellee.

NOBLE, Justice.

This appeal presents the sole question whether it is error to deny the right to amend or add to an opening statement to

the jury so as to state an intention to prove facts upon which relief might be granted.

The complaint seeks to have defendant (appellee) declared the father of plaintiff's (appellant's) child born out of wedlock; support for the child; and, expenses during confinement. A second count alleged that plaintiff became intoxicated by liquor served by defendant; that she was raped by defendant while so intoxicated; and, seeks recovery for damages to her reputation by reason thereof. A jury was sworn to try the issues and at the conclusion of plaintiff's opening statement, the defendant moved to dismiss both causes of action upon the ground that plaintiff failed to state that she intended to prove either that defendant administered intoxicating liquor to plaintiff or had intercourse with her.

After discussion between the court and counsel, in the absence of the jury, and when counsel became aware that the court was about to rule on the opening statement, counsel for plaintiff moved the court for permission to amend or add to his opening statement by adding thereto that defendant is the father of the child and that plaintiff was raped after such intoxication. The request to amend or add to the opening statement was refused by the court upon the ground that amendment cannot be made to an opening statement; the jury was dismissed; and, judgment was entered dismissing the complaint with prejudice. This appeal results from that judgment.

The general rule is well established that where the opening statement to a jury clearly shows there is no cause of action or that a defense exists to the action, the trial court may, in its discretion, direct a verdict or dismiss the action. The decisions are extensively collected and annotated in 83 A.L.R. 221 and 129 A.L.R. 557. It is equally well settled that the practice of directing a verdict, upon the opening statement in advance of the introduction of evidence, should be exercised with great caution, and a motion for a directed verdict denied unless the statement contains a distinct and unequivocal admission of facts entitling the other party to judgment. Barnett v. Tabor, 154 Okl. 20, 6 P.2d 787; Smith v. Prudential Ins. Co. of America, 108 Kan. 572, 196 P. 612. See Anno., 83 A.L.R. 224; 129 A.L.R. 557.

Counsel, in this case, advised the court, when it became apparent that the court was about to rule on the statement, that he was only stating an outline of the proof he expected to offer. It is error to direct a verdict or dismiss a complaint upon the opening statement of counsel, for mere failure to state therein some fact necessary to prove his case, without giving him an opportunity to explain and qualify or supplement his statement so far as the truth will permit. Fiegel v. First National Bank of Kingfisher, 90 Okl. 26, 214 P. 181; Donnelly v. Paramount Organization, Inc., 109

N.J.L. 57, 160 A. 569, 83 A.L.R. 219; Anno. 83 A.L.R. 228; 129 A.L.R. 561; McGovern v. Hitt, 62 App.D.C. 33, 64 F.2d 156.

We think counsel should have been given an opportunity, after knowledge that a court ruling was impending, to supplement his statement, and within what he expected to be able to prove, to state his case upon issuable grounds.

■ Furthermore, viewing the opening statement in the light most favorable to plaintiff and applying permissible inferences from it, we are convinced that plaintiff did state sufficient facts to require denial of the motion. Counsel did say he intended to prove that plaintiff, a sixteen-year-old girl, became intoxicated from liquor belonging to defendant; that she drank such liquor with his knowledge; that after she became so intoxicated, defendant took her outside where they were alone for an hour or more; that upon their return, plaintiff's clothing was partially unbuttoned and in disrepair; that she was still semi-unconscious; and, that plaintiff would deny having had intercourse with any other person. Counsel made no admission of any fact entitling defendant to judgment. He specifically said that plaintiff could remember nothing that occurred by reason of her intoxication and the inference is plain to us that he expected to establish the fact of intercourse by circumstantial evidence. As we view the statement, it does, at least, contain a permissible inference that plaintiff expected to prove that defendant is the father of her child and that she became intoxicated from liquor furnished by defendant.

The judgment is reversed and the case remanded with instructions to reinstate the cause on the docket and to proceed in a manner not inconsistent with the views expressed herein.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.