Jessie G. McKNIGHT, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2124.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 20, 1958.

Decided May 26, 1958.

Domenic Tesauro, Washington, D. C.,
with whom Robert A. Fields, Washington,
D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with
whom Chester H. Gray, Corp. Counsel, Mil-
ton D. Korman, Principal Asst. Corp. Coun-
sel, and Richard W. Barton, Asst. Corp.
Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Following an automobile accident involv-
ing four cars, appellant was convicted on a
charge of operating a motor vehicle while
under the influence of intoxicating liquor
in violation of Code 1951, § 40–609(b)
(Supp. VI).

No issue was raised as to appellant's in-
toxication on the trial level, it being stipu-
lated that he was under the influence. The
only significant issue was whether he ac-
tually operated the vehicle at the time and
place of the accident. The government's
evidence on this question consisted of an
admission by appellant following the ac-
cident that he was driving and the testi-
mony of the investigating police officer and
drivers of the other vehicles involved in the
collision.

One witness testified that following the
accident and an examination of the damage
to his car, he talked to the driver of one of
the other cars and on approaching appel-
lant's vehicle observed him in the driver's
seat partially under the steering wheel. The
testimony of another witness disclosed that
about five minutes after the accident, he
saw appellant climbing over a passenger

to get out the right side of the front seat. The left front door of appellant's vehicle was "jammed shut." On arrival of the investigating officer ten minutes after the accident, appellant was seen trying to start the motor of his car. Later at police headquarters he admitted driving the automobile.

Three witnesses, including one Gaskins, testified on behalf of appellant that Gaskins was driving the car at the time of the accident and that appellant was riding in the rear of another automobile which was following a short distance behind. Appellant testified he was sleeping when the collision involving the other vehicles occurred. When told of the accident he stated he left the car in which he was riding and went to his own. He denied having admitted he was driving.

It is contended in this appeal that the government failed to produce substantial independent evidence to corroborate the extrajudicial admission. In the absence of proof that he was operating the vehicle, appellant argues the conviction cannot stand.

The principles controlling in this case are derived from the much-cited Opper[1] and Smith[2] cases. Inasmuch as these principles have been applied by this court on several occasions, and only recently in McGilton v. United States, D.C.Mun.App., 140 A.2d 190, 191, a lengthy statement of these rules is unnecessary.[3]

■ Speaking for this court in the McGilton case, Judge Hood stated:

"* * * We have construed the Opper [citation omitted] and Smith [citation omitted] cases to require that 'where an element of the corpus delicti is supplied by an admission alone, the prosecution must provide substantial independent evidence to show the trustworthiness of that admission.' "[4]

In determining the quantum of corroboration necessary to support an admission, the Court in Opper held that the corroborative evidence need not be sufficient, independent of the admission, to establish the corpus delicti. "It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth."[5] The corroborative evidence may of course be supplied by circumstantial as well as direct evidence.

■ The corpus delicti to be proved in this case was the operation of a vehicle by one under the influence of intoxicating liquor. Appellant's intoxication was conceded at trial, and the fact that the car was being operated at the time of the collision is not seriously challenged. However, in an offense of this nature, where there are no tangible or corporeal facts, the commission of the offense itself cannot be shown without identifying the accused. It was therefore necessary for the government to prove that appellant operated the vehicle.

In addition to appellant's extrajudicial admission, the independent evidence offered on this essential element of the case tended to show that almost immediately after the accident, two witnesses observed appellant in the driver's seat of the vehicle. The first witness observed him partially under the steering wheel. The second witness a few moments later saw him climbing over a passenger, who was seated on his right, in an effort to get out of the car; this may be explained by the uncontroverted testimony that the door on the driver's side could not be opened. When the police arrived at the scene of the accident ten minutes after the

1. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308.

2. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192.

3. See Sanderson v. United States, D.C. Mun.App., 125 A.2d 70; Brinker v. District of Columbia, D.C.Mun.App., 122 A. 2d 768.

4. 140 A.2d at pages 191–192.

5. 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101, 109.

collision, appellant was attempting to start the motor and told the officer, "I messed up."

While apart from appellant's admission there was no direct evidence that he was operating the vehicle, the circumstantial evidence offered by the government in support of the admission does have the effect of placing him in the driver's position immediately following the accident. We are of the opinion that it sufficiently justifies an inference of the truth of appellant's admission and therefore meets the tests set forth in the Opper and Smith cases; and the admission with the other evidence justified a finding of guilt. Accordingly, the judgment of the trial court is

Affirmed.