William W. **DYSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 83–482.

District of Columbia Court of Appeals.

Argued Oct. 16, 1984.

Decided Dec. 13, 1984.

Douglas B. Mishkin, Washington, D.C., appointed by the court, for appellant.

Robert H. Klonoff, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Melvin R. Wright, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and ROGERS, Associate Judges.

**PER CURIAM:**

Appellant seeks reversal of his conviction by a jury for unlawful possession of phencyclidine (PCP), D.C.Code § 33–541(d) (1983 Supp.), on the grounds the trial court erred in (1) allowing the government to amend the information to charge a new or different offense after the government's opening statement, and (2) admitting testimony that the street on which appellant was arrested was known for drug traffic. We affirm.

**I**

Appellant was charged in an information filed on July 21, 1982 with one count of unlawful possession of a controlled substance ("phenmetrazine (PCP)") (Count A) and one count of possession of a controlled substance (cannabis (marijuana)) (Count B). On August 9, 1982, Judge Salzman granted the government's motion to amend the information to charge appellant "with possession with intent to distribute" cannabis instead of possession of cannabis. The distribution charge thus became Count C and the simple possession count (Count B) was dropped. Defense counsel then moved to dismiss Count A on the ground that "phenmetrazine and PCP are not the same substance." In reply to Judge Salzman's question which substance was the correct charge, the prosecutor initially responded "phenmetrazine," but immediately corrected himself to say "PCP." The judge had, however, already crossed out the term "PCP" on the information, so he then rewrote "PCP," initialled the information, and instructed the prosecutor to file another information.[1]

Pursuant to appellant's request, new defense counsel was appointed on September 20, 1982. Two days later, the court advised government and defense counsel that ap-

---

1. The information (with a strike through of the last two words, "Phenmetrazine (PCP)") now read:

POSSESSION OF A CONTROLLED SUBSTANCE—in that he unlawfully, knowingly, and intentionally had in his possession a con-

trolled substance consisting of PCP Phenmetrazine (PCP)....

A marginal note was corrected to read (with a strike through of "PCP") as follows:

Amend to delete Phen "PCP" in open court 8/9/82.

pellant's "case involving the possession of PCP and possession of marijuana" would be set for November 30, 1982. On that date, the government nolle prossed the count charging appellant with intent to distribute cannabis (Count C).

During voir dire of the jury on March 15, 1983, the prosecutor told the jury that appellant was charged with possession of PCP. Defense counsel asked the prospective jurors whether there was anything about "the nature of these charges explained to you by the [prosecutor]" that might adversely affect his client. Two jurors indicated their concern about serving in a case involving PCP. Following the selection of a jury, the prosecutor told the jury in his opening statement that appellant was charged with possession of PCP. Defense counsel advised the trial judge, Judge Mitchell, at the conclusion of the prosecutor's opening statement that he thought the PCP possession count had been eliminated by Judge Salzman. Judge Mitchell ruled alternatively that the count had not been deleted, but if it had, the government would be allowed to amend the information because appellant would not be prejudiced. Defense counsel objected, and renewed his objection in a motion for judgment of acquittal at the close of the government's case, which Judge Mitchell denied.

**A.**

Appellant contends that the government created "such confusion over the contents of the information that neither appellant's trial attorney nor the trial judge could determine precisely what offenses were charged." Thus, he received inadequate notice of the charge he was facing, and the information failed to comply with Super.Ct. Crim.R. 7.[2] He argues the information was "complicated, convoluted and vague," and the amendment to it constituted per se prejudice.

The information has two primary functions: to apprise a defendant of the charge against him so he may properly prepare a defense, and to "spell out the offense clearly enough to enable the accused to plead the judgment as a bar to a subsequent prosecution for the same crime." *Horowitz v. District of Columbia,* 291 A.2d 202, 203 (D.C.1972). Accordingly, the issue before us is whether the information charged an offense. We hold that the information as amended by Judge Salzman's notations, *supra* note 1, stated an offense. Although it is regrettable the government did not follow Judge Salzman's suggestion to file a new information, its failure to do so is not dispositive.[3]

Appellant was present with counsel during the proceedings before Judge Salzman

2. Super.Ct.Crim.R. 7 provides in pertinent part:

(c) *Nature and contents.* The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecutor as attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in 1 count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by 1 or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dis-

missal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

\* \* \* \* \* \*

(e) *Amendment of information.* The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

3. The government's failure to file a new information is regrettable in several respects, not the least of which is that its failure resulted in an unnecessary appeal as well as an unwarranted burden on already overworked courts. Indeed, not only this appeal but also possibly the trial itself, would have been avoided had the government followed Judge Salzman's recommendation.

when the information was amended. His counsel joined in moving to amend the information, and did not object to the proceedings, which involved a fairly simple procedure. The record clearly supports the government's contention that even though the information was not a model, appellant was aware of the offense with which he was charged. The original information was only complicated insofar as it included more than one count, but it otherwise remained a simple statement of the minimum elements of the charges. Judge Salzman's notations made the information somewhat messy to look at, but that alone does not defeat compliance with the requirement of Rule 7(c) that the charge be definite. *In re C.D.*, 437 A.2d 171, 174–75 (D.C.1981) (defendant put on notice of charges against him despite ambiguous petition that stated two offenses in one count; trial court's failure to require government to amend the petition was harmless error); *In re J.R.G.*, 305 A.2d 529, 530 (D.C.1973).

■ Furthermore, the restrictive rules about the amendment of an indictment do not apply to an information, which "may be amended in either form [or] substance," 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 128, at 430 (1982); *see United States v. Blanchard*, 495 F.2d 1329, 1332 (1st Cir.1974). The trial judge found that no additional or different offense was charged. The information originally charged in one count that appellant possessed PCP in addition to another drug; it thus contained all the necessary elements to charge possession of PCP. *See Government of the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir.1972) (information amended during trial); *cf.* 8 J. Moore, Moore's Federal Practice ¶ 705[1], at 7–36 (2d ed. 1984) (withdrawal of counts does not constitute amendment). The trial judge acted in accordance with this court's decisions, *In re C.D., supra,* 437 A.2d at 174–75, by allowing the information to be amended under Rule 7(e) where a defendant would not be prejudiced. *Jenkins v. United States*, 242

A.2d 214, 215–16 (D.C.1968) (no logical reason to reverse conviction when defect in information cured and no possible prejudice can be shown). *See United States v. Kegler*, 724 F.2d 190, 193–95 (D.C.Cir.1983); *Government of the Canal Zone v. Burjan*, 596 F.2d 690, 692–93 (5th Cir.1979) (change in information to charge lesser included offense was technical violation of Rule 7(e) but harmless).

Appellant does not allege he suffered any actual prejudice, and we agree with the trial judge that there was none. Appellant was on notice of the charges six months before trial, when he was personally present at the proceedings before Judge Salzman. On September 22, 1982, the court referred in the presence of appellant's new counsel to the charge of possession of PCP. Appellant does not claim, and we are unable to see how he could, that his defense could have changed. *Bedford, supra,* 671 F.2d at 765–66. He entered a general denial of all the charges, contending at trial that the paper bag found by the police which contained drugs was not his bag; the bag he had only contained a beer can. Accordingly, we hold the information charged an offense of which appellant was aware, and reject his claim that Rule 7 was violated.

## II

Appellant also seeks reversal of his conviction on the ground of prosecutorial misconduct. Specifically, he contends that Detective Brown's testimony that the crime occurred in a high narcotics area was irrelevant and an attempt to prove appellant's guilt by other people's crimes. The government responds that even were such testimony error, reversal is not required.

■ Under *Hawthorne v. United States*, 476 A.2d 164, 170 (D.C.1984), we evaluate prosecutorial misconduct in terms of (1) the gravity of the alleged misconduct; (2) the relative strength of the government's case; (3) the centrality of the issue affected; and (4) the mitigating efforts that were made by the trial court. The

arresting officers' activities in this case were based on a radio broadcast by Officer Parker, a point largely overlooked by appellant. Parker had observed appellant hand "something silver" to several people, who first smelled the item and then handed money to appellant. Thereafter, Officer Lomax responded to Parker's radio broadcast, saw appellant at the scene of the observed transactions, and recognized that he fit the description given by Parker. Lomax testified that as he approached appellant he saw him reach between his legs, pick up a bag and toss it several feet. Lomax kept his eye on the tossed bag until he retrieved it, and found inside the bag eleven tin foil packets containing PCP. Officer Naylor corroborated Lomax's testimony about the tossed bag. Appellant called one witness who testified the bag appellant tossed only contained a can of beer, and another who confirmed that appellant was drinking beer.

Even assuming Detective Brown's testimony should not have been allowed, we find no reversible error. The government's case was strong. That appellant offered another version of the events, which the jury chose to disbelieve, did not weaken Officer Parker's testimony, which was corroborated by Officer Lomax, whose testimony about the tossed bag was, in turn, corroborated by Officer Naylor. In closing argument, appellant explained his presence in the neighborhood by stating he lived there. The fact that Detective Brown testified it was a high crime area was not central to the issue of appellant's innocence or guilt.

*Affirmed.*