465 So.2d 954 (1985)
STATE of Louisiana, Appellee,
v.
Robert T. EDENS, Appellant.
No. 16,885-KW.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Writ Denied April 19, 1985.
*955 Stephen R. Burke, P.C., Minden, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty. by L. Charles Minifield, Asst. Dist. Atty., Bossier City, for appellee.
Before JASPER E. JONES and FRED W. JONES, Jr., JJ., and PRICE, J. Pro Tem.
FRED W. JONES, Jr., Judge.
We granted a writ, pursuant to our supervisory jurisdiction, to review defendant's conviction of driving while intoxicated (R.S. 14:98).
Shortly after noon on June 22, 1984, Webster Parish Deputy Sheriff Shaw responded to a call that a van had struck an obstacle in the vicinity of a bridge on Interstate Highway 20 near Stuckey's Restaurant several miles east of Minden. Arriving at the scene, Shaw found a locked and abandoned van on the highway just east of the exit to the described restaurant.
State Trooper Lee, who was patrolling I-20 in that area, stopped a pickup truck in which Robert Edens was riding as a passenger at about 12:40 P.M. on the interstate highway some three miles from the scene of the accident. At the officer's request, Edens got out of the truck. In response to a query as to whether he had anything to drink, Edens replied that he had consumed four beers, fell asleep while driving the van, and struck a bridge on the interstate highway. Smelling a strong odor of alcohol on Edens' breath, Lee proceeded to administer a field sobriety test, on which Edens performed poorly.
Lee placed Edens under arrest for driving while intoxicated. He took Edens back to the van where Deputy Shaw was waiting. The latter unlocked the van for Edens. The defendant was then transported to the Minden Police Department where he was apprised of his constitutional rights and asked to submit to a Photo Electric Intoximeter (PEI) test, to which he complied. Test results revealed a .17% blood-alcohol level, creating a statutory presumption of intoxication. La.R.S. 32:662. A *956 formal charge of driving while intoxicated was filed against Edens.
After the overruling of motions to suppress inculpatory statements and the results of the PEI test, trial was had and the defendant found guilty as charged. Sentence was subsequently imposed.
Asking in his writ application that the conviction be reversed, defendant relies on three assignments of error.

Assignment of Error No. 1
Defendant argues in this assignment that the state failed to prove that he was operating a motor vehicle, an essential element of the offense of driving while intoxicated. Cited in support of this contention is State v. Lindinger, 357 So.2d 500 (La. 1978), where the defendant was found resting against a pickup truck some 50 to 100 feet off the highway in a field. Reversing a conviction of driving while intoxicated, our state supreme court commented:
"We conclude, therefore, that there was no evidence from which the trier of fact could reasonably conclude beyond a reasonable doubt the accused had been intoxicated while (if) operating the vehicle on the highway, merely before he was found at some undetermined interval after the truck had left the highway." (p. 502)
In this case no witness testified that he observed the defendant driving the van. Consequently, the state had to rely upon the defendant's inculpatory statement made to Trooper Lee to satisfy this requirement.
As pointed out in State v. Jackson, 452 So.2d 1250, 1253 (La.App. 2d Cir.1984):

"Miranda warnings are not a prerequisite to the admissibility of statements taken by officers during non-custodial, general, on-the-scene investigations, conducted to determine the facts and circumstances surrounding a possible crime, absent a showing that the investigation has passed the investigatory stage and has focused on the accused. (citations omitted)."
We find that Trooper Lee's initial interrogation of Edens was conducted as part of the investigation of the accident involving the van. Consequently, prior to interrogation, informing the defendant of his Miranda rights was not required and admission into evidence of the inculpatory statement to the effect that he had been driving the van was appropriate. Edens was returned to the van where Deputy Shaw was stationed. The van was unlocked for the defendant, who at least by his conduct conceded that this was the motor vehicle he had been operating. We conclude, therefore, that the state discharged its burden of proving beyond a reasonable doubt that the defendant had been operating a motor vehicle.
For these reasons, this assignment is without merit.

Assignment of Error No. 2
Defendant contends that the trial judge erred in allowing the introduction into evidence of the PEI test result because: (1) The guidelines set forth in the Louisiana Register for checking PEI machines are inadequate; (2) the certificate of ampul Standard of Quality used the term "AG" which does not describe a known chemical; and (3) the regulations contained in the Louisiana Register do not provide for proper storage of ampuls.
Before the state may avail itself of the statutory presumption of a defendant's intoxication arising from a chemical analysis of his blood it must show that (1) the state has officially promulgated detailed methods, procedures and techniques which will insure the integrity and reliability of the chemical tests, including specifically the standard quality of chemicals used; and (2) the state has strictly complied with the officially promulgated methods, procedures and techniques in the chemical analysis offered as evidence in the case on trial. State v. Krause, 405 So.2d 832, 834 (La. 1981).
La.R.S. 32:663 authorized the Department of Public Safety to approve appropriate *957 techniques for conducting chemical tests for intoxication, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits to those individuals.
Since our state supreme court has cited with approval those regulations, we find no merit in defendant's first complaint. See State v. Westbrook, 392 So.2d 1043 (La.1980).
Regulation No. 4(c) provides in pertinent part:
c. All ampuls used in Breath/Alcohol Analysis shall be received in numbered lots and stored under supervision of the Supervisor of the Applied Technology Unit, who is also a Forensic Scientist.
The Applied Technology Unit shall require manufacturers of ampuls to certify each lot of ampuls made, as to their standard of quality in reference to the chemical contents and tolerance. The Applied Technology Unit shall maintain these certificates on file from the manufacturer. The Applied Technology Unit shall then have the authority to spot check the ampuls with respect to their performance. The machine recertification form that is filed every four months with the clerks of court may also state that the ampul lot numbers used at each agency were spot checked for performance.
According to Rule No. 1, the inspection and approval certificate filed with the Clerk of Court is prima facie evidence of the proper working order of the instruments and standard of quality of the ampuls.
In this case, prior to offering the results of the PEI test, the state filed a copy of the Louisiana Register, Volume 6, Number 11, dated November 20, 1980, containing the pertinent rules and regulations; a Certificate of Inspection and Machine Re-Certification Form showing that Machine Number 23 (used for this test) had been checked within the four month period; a statement on the Re-certification Form showing that ampul lot 83-5 (used in this case) was spot checked for performance when the machine was re-certified.
Filing of the certificate in question was prima facie evidence of the quality of the ampul used in the testing. Defendant never offered evidence to refute this presumption  specifically, an independent test of the ampul to show that it was defective. Employment of "AG", which described no known chemical, was apparently a typographical error. Consequently, this argument lacks merit.
Since Rule 4(c) also provides for the proper storage and maintenance of ampuls, this contention also is meritless.
For the reasons set forth, this assignment is without merit.

Assignment of Error No. 3
The defendant contends that the trial court erred in refusing to allow a pre-trial hearing on the motion to suppress the PEI test results. The record and court minutes do not reflect this alleged ruling. The trial transcript contains a statement by the defense that there was a discussion in chambers dealing with the subject and that defense counsel felt inclined to state at the beginning of the trial that he would object to the filing into evidence of the PEI test and argue at the appropriate time.
La.C.Cr.P. Article 703(E) provides in pertinent part that an evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. In his motion to suppress, filed with the writ application, defendant simply alleges that the evidence of the test results is inadmissible due to non-compliance by the state with rules with regard to proper certification and proper care and maintenance of the intoximeter machine and the chemicals utilized therein. Therefore, even if the motion to suppress had been properly before the trial court, it did not allege sufficient facts to require the granting of relief. There was no error in denying the evidentiary hearing.
This assignment lacks merit.

*958 Decree

For the reasons set forth, defendant's conviction is affirmed.