**DISTRICT OF COLUMBIA, Appellant,**

v.

**James WHITLEY, Appellee.**

No. 93–CT–428.

District of Columbia Court of Appeals.

Argued Feb. 9, 1994.
Decided April 14, 1994.

Mary L. Wilson, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel at the time the brief was filed, and Charles L.

Reischel, Deputy Corp. Counsel, were on the brief, for appellant.

Donald S. Johnson, Sr., for appellee.

Before FERREN *, SCHWLEB, and KING, Associate Judges.

KING, Associate Judge:

This case presents two issues: whether the trial judge properly dismissed a criminal information on the ground that the facts set forth in the prosecutor's opening statement were insufficient to establish a *prima facie* case [1] and, if the trial judge erred in dismissing on that ground, whether double jeopardy principles bar further prosecution.

The Office of Corporation Counsel appeals the trial court's dismissal of informations charging appellee with operating a motor vehicle while intoxicated,[2] operating a motor vehicle without a permit,[3] and operating an unregistered motor vehicle.[4] We reverse.

## I.

The case came before the trial judge for a non-jury trial,[5] and the prosecutor made the following opening statement:

> Your Honor, in this matter, the Government will prove beyond a reasonable doubt that the defendant was operating a motor vehicle. The defendant was observed by United States Park Police urinating by his his car. The car ... had the lights on and the key was in the ignition, but the defendant was operating without a D.C. permit, and that the car that he was operating was an unregistered vehicle.

The Government will also prove; that the defendant was informed of the D.C. Consent Act, and he consented to take the test and his scores were a .11 ... and that the incident occurred in the District of Columbia.

> \* \* \* \* \* \*

> The car light was on. The keys were in the car. He was by the car. He admitted to driving the car.

In response, counsel for appellee remarked, "we maintain that the law states operating in the District of Columbia. At no time did the policemen see this defendant in the vehicle." After some discussion [6] among the trial court and both counsel, the trial court dismissed the informations, ruling:

> you['ve] got to kind of see him in control of the car, and I don't say somebody standing outside [is] in control [of] the car.

> \* \* \* \* \* \*

> Well, if he's not in the car and I don't put him into the car, I just—it kind of suggests they couldn't stop him to check for anything else.

> \* \* \* \* \* \*

> As to the unregistered car and the D.W.I., I can't see. He's not in the car.... [T]he case has got to demonstrate beyond a reasonable doubt that he's guilty, and based upon your opening statement, I just can't see it.

## II.

■ At the outset we note that it is an open question whether the trial court, in either a jury or non-jury criminal trial, may

---

* *Judge* FERREN was an *Associate Judge* of this court at the time of argument. His status changed to *Acting Chief Judge* on March 18, 1994.

1. We think there is a serious question whether a trial judge has the power to dismiss an indictment or information, before jeopardy has attached, on the ground that the evidence is insufficient to sustain a conviction. The parties have assumed that such power does exist and we will not decide that issue in light of our conclusion, *infra,* that the facts proffered by the prosecutor were sufficient to establish a *prima facie* case of "operating a motor vehicle."

2. D.C.Code § 40–716(b)(1) (1993 Supp.).

3. D.C.Code § 40–302(e) (1990).

4. D.C.Code § 40–105(a)(1)(A) (1990).

5. *See* Super.Ct.Crim.R. 23(c).

6. At one point during that discussion the trial judge remarked: "Let [the prosecutor] put her officer on, okay ... let me hear it from the officer." Defense counsel agreed; however, for reasons that are not clear from the record, the course of action suggested by the trial judge was not pursued further.

grant a dismissal after the prosecutor's opening statement based upon a failure to set forth a *prima facie* case. The court rules require entry of a judgment of acquittal "after the evidence on either side is closed if the evidence is insufficient to sustain a conviction." Super.Ct.Crim.R. 29(a). There is no mention anywhere in the rules, however, of a similar requirement after the opening statement is made. Although we have never explicitly held that the trial court has such power, we have suggested as much in one recent case. *See Jackson v. United States,* 515 A.2d 1133, 1136 (D.C.1986) ("[d]ismissal may be appropriate where the prosecutor's opening statement is flawed and it is clear that the prosecution will be to no avail").[7] We have no occasion to resolve that question, however, in light of our resolution of the issues presented.

### III.

■ Before examining whether the trial court correctly concluded that the evidence was insufficient to sustain a conviction, we must first determine whether the dismissals entered here bar further prosecution. We begin our analysis with the observation that the government has no right of appeal in a criminal case unless there is express legislative authorization. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 568, 97 S.Ct. 1349, 1352–53, 51 L.Ed.2d 642 (1977). The right of the prosecutor to appeal a trial court dismissal of an information is conferred by D.C.Code § 23–104(c) (1989), which provides:

> The United States or the District of Columbia may appeal an order dismissing an

indictment or information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, except where there is an acquittal on the merits.

Thus, the government may appeal the dismissal of these informations unless the trial court's action is construed as an "acquittal on the merits."

■ It is well settled that once jeopardy attaches at a criminal trial, retrial is prohibited after acquittal even if the acquittal was based on "erroneous evidentiary rulings or erroneous interpretations of governing legal principles." *United States v. Scott,* 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) (citation and internal quotation marks omitted). *See also Purcell v. United States,* 594 A.2d 527, 528 (D.C.1991) ("The Double Jeopardy Clause protects a person convicted or acquitted of a crime from any subsequent prosecution for the same crime.") (citation omitted). In the present case, the determinative issue is whether jeopardy had attached when the prosecutor made the opening statement. If jeopardy had attached, then an appeal, as well as retrial, would be barred.

■ The general rule is that "jeopardy attaches in a nonjury trial when the first witness is sworn and begins testifying...." *Mason v. United States,* 346 A.2d 250, 251 (D.C.1975) (citations omitted). *See Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975) ("In a nonjury trial, jeopardy attaches when the court begins to hear evidence.") (citations omitted).[8] *See also United States v. Sedg-*

---

7. *See also Rose v. United States,* 149 F.2d 755, 758–59 (9th Cir.1945) (assumes, without deciding, that civil rule applies in criminal cases) citing *Best v. District of Columbia,* 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L.Ed. 882 (1934), (holding that in a civil case, when the opening statement fails to prove a basis for recovery, motion to dismiss should be granted); *Oscanyan v. Arms Co.,* 103 U.S. 261, 264, 26 L.Ed. 539 (1880) (affirming trial court grant of a directed verdict for the defendant in a civil case based on plaintiff's opening statement); *Lucas v. Hamilton Realty Corp.,* 70 App.D.C. 277, 280, 105 F.2d 800, 803 (1939) (same); *McGovern v. Hitt,* 62 App.D.C. 33, 34, 64 F.2d 156, 157 (1933) (same); *Stuthman v. United States,* 67 F.2d 521, 523 (8th

Cir.1933) (same). *See generally* Phillip E. Hassman, Annotation, *Power of Trial Court to Dismiss Prosecution or Direct Acquittal on Basis of Prosecutor's Opening Statement,* 75 A.L.R.3d 649 (1977).

8. In some circumstances the court could begin to hear evidence before any witness is sworn. In *Finch v. United States,* 433 U.S. 676, 676–77, 97 S.Ct. 2909, 2909–10, 53 L.Ed.2d 1048 (1977), after the parties submitted a stipulated statement of facts, the District Court dismissed the information for failure to state an offense. The Supreme Court held that jeopardy attaches when the court receives evidence, which occurred when the parties submitted a stipulation of facts to the District

*wick,* 345 A.2d 465, 468–69 (D.C.1975) (jeopardy attaches "when the first evidence is presented before a trial judge"). We know of no authority, however, that holds that the prosecutor's opening statement in a bench trial constitutes evidence, and appellee cites us to none. Indeed, if there are any legal principles so ingrained into our legal fabric that citation of authority is unnecessary, then surely the oft-repeated assertion in thousands of trial courts that the "opening statement is not evidence"[9] is one of them. *See, e.g.,* ALFRED S. JULIEN, OPENING STATEMENTS § 1A.01 (1986) (opening statements do not test the sufficiency of the evidence, are not a substitute for evidence, and have no binding force or effect). Since the opening statement was not evidence, the trial court had not otherwise begun receiving evidence, and because "no juror or witness was ever sworn," *Coleman v. United States,* 414 A.2d 528, 530 (D.C.1980), jeopardy had not attached when the trial court dismissed the charge after the opening statement by the prosecutor. Therefore, we have jurisdiction to hear this appeal. Since we conclude, *infra,* that the trial judge erred in dismissing the informations on the ground asserted, the government is free on remand to proceed to trial.

**IV.**

▆ With respect to the sufficiency of the evidence, the government contends that it "can prove a criminal case by circumstantial evidence ... since no distinction may be drawn between circumstantial and direct evidence." Appellee argues, however, that since the government cannot produce "at least one witness that could place [appellee] inside the vehicle," it failed to prove that he was "operating" the vehicle within the meaning of the statutory provisions defining the offenses charged. We reject appellee's contention, that proving "operating" requires a witness placing appellee inside of the vehicle, and hold that appellee's admission that he had been driving the car, together with the other facts set forth in the opening statement, was sufficient to establish a *prima facie* case of "operating" the motor vehicle.

In *McKnight v. District of Columbia,* 141 A.2d 922, 922 (D.C.1958), the defendant was arrested and charged with operating while intoxicated after a collision involving four vehicles. McKnight was convicted based on his admission that he was the driver and the testimony of two witnesses who observed him in the front seat of the vehicle. McKnight later denied that he was the driver and he produced witnesses placing him in the back seat of the vehicle. We affirmed the conviction holding that:

> [w]hile apart from appellant's admission there was no direct evidence that he was operating the vehicle, the circumstantial evidence offered by the government in support of the admission does have the effect of placing him in the driver's position immediately following the accident. We are of the opinion that it sufficiently justifies an inference of the truth of appellant's admission and ... justified a finding of guilt.

*Id.* at 924. We also observed that the "corroboration necessary to support an admission ... need not be sufficient [to establish a *prima facie* case], independent of the admission ... [but] is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.* at 923 (citing *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164–65, 99 L.Ed. 101 (1954)) (internal quotation marks omitted).

In the instant case, we are satisfied there was sufficient circumstantial evidence in support of appellee's admission that he was the driver to establish a *prima facie* case and permit an inference of guilt. *See Mills v. United States,* 599 A.2d 775, 780 (D.C.1991) (no distinction is made between direct and circumstantial evidence) (citation omitted). According to the prosecutor, in addition to the admission by appellee that the vehicle was his and that he had been driving it, appellee was observed by the police officer standing next to the vehicle urinating, the keys were in the ignition, the headlights were on, and the engine was running. We hold

---

Court. *Id.* at 677, 97 S.Ct. at 2910 (citing *Serfass, supra,* 420 U.S. at 388, 95 S.Ct. at 1062–63).

**9.** CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 1.03 (4th ed. 1993).

the prosecutor's proffer, together with all reasonable inferences that may be drawn, is considerably more than what need be presented at that stage of the proceedings to permit a finding[10] that appellee had been operating the vehicle.[11] *Cf. Parker v. United States,* 601 A.2d 45, 51 (D.C.1991) (in civil case, on motion for judgment of acquittal after government's case in chief, evidence is viewed in light most favorable to government, giving it the benefit of all reasonable inferences and drawing no distinction between direct and circumstantial evidence) (citations omitted); *Irick v. United States,* 565 A.2d 26, 30 (D.C.1989) (articulating standard for determining evidentiary sufficiency when defendant moves for judgment of acquittal after presentation of government's case).

Accordingly, we hold that the trial court erred in dismissing the case after the prosecutor's opening statement, and we therefore reverse and remand for trial.

*So ordered.*

---

**10.** *See United States v. Oliver,* 570 F.2d 397, 400 (1st Cir.1978) (holding that "judgment of acquittal should be granted after the government's opening statement only when the statement 'clearly and affirmatively' shows that the charge against the defendant cannot be sustained under any view of the evidence consistent with the statement") (citation omitted).

**11.** Our holding in this case is supported by decisions of several state courts that have upheld convictions based on statutes similar to D.C Code § 40–716(b)(1) and based on facts similar to those presented here. *See, e.g., Hughes v. State,* 17 Ark.App. 34, 702 S.W.2d 817, 819 (Ct.1986) (admission by defendant that he was driver, plus officers' testimony and breathalyzer test results, was sufficient to support jury guilty verdict); *Mason v. State,* 177 Ga.App. 184, 338 S.E.2d 706, 707 (Ga.Ct.App.1985) (officer's testimony that defendant admitted being the driver and results of breath test were sufficient to find defendant guilty beyond a reasonable doubt); *Husk v. State,* 476 N.E.2d 149, 151 (Ind.Ct.App.1985) (admission by defendant that he was driver, combined with breath test and testimony about alcohol odor and dexterity tests, was sufficient to support conviction of driving while intoxicated); *State v.*

*Edens,* 465 So.2d 954, 956 (La.Ct.App.1985) (after driver abandoned his van and was discovered in another vehicle, admission that he was driver of van was sufficient to sustain operating a motor vehicle charge); *State v. Cook,* 711 S.W.2d 208, 209 (Mo.Ct.App.1986) (corroborating circumstances, which correspond with the extrajudicial admission, may be considered in determining whether corpus delicti is proven); *Wilson v. State,* 688 S.W.2d 212, 213 (Tex.Ct.App.1985) (appellant's admission to officer that he was operating the vehicle, and testimony from other witnesses at scene, was sufficient to establish that appellant was the driver). *See also State v. Hughes,* 355 N.W.2d 500, 502 (Minn.Ct.App. 1984) (circumstantial evidence that injured motorcyclist was driver was sufficient to sustain charge of driving while intoxicated, despite no admission by driver). *Cf. People v. Foster,* 138 Ill.App.3d 44, 92 Ill.Dec. 792, 793–94, 485 N.E.2d 603, 604–05 (Ill.App.Ct.1985) (without independent corroborative evidence to establish that defendant was driver of the vehicle, admission by defendant that he was driver is insufficient).