# District of Columbia
# Court of Appeals

**No. 14-CO-0955**

SINATRA V. SUTTON,

                              Appellant,

    v.                                                    CMD-13532-13

UNITED STATES,

                              Appellee.

FILED

JUN 23 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE:  FISHER and THOMPSON, *Associate Judges;* and RUIZ, *Senior Judge*.

# J U D G M E N T

This case was submitted to the court on the transcript of record, the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment on appeal is affirmed.

                              For the Court:

                              JULIO A. CASTILLO
                              Clerk of the Court

Dated: June 23, 2016.

Opinion by Senior Judge Vanessa Ruiz.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CO-0955

SINATRA V. SUTTON, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED 6/23/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CMD-13532-13)

(Hon. Harold Cushenberry, Jr., Trial Judge)

(Submitted June 16, 2015                          Decided June 23, 2016)

*Richard S. Stolker* was on the brief for appellant.

*Ronald C. Machen Jr.*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman*, *Nicholas G. Miranda* and *Edward G. Burley*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER and THOMPSON, *Associate Judges*, and RUIZ, *Senior Judge*.

RUIZ, *Senior Judge*: Appellant, Sinatra V. Sutton, was convicted, following a bench trial, of one count of misdemeanor sexual abuse of a child and one count of attempted misdemeanor sexual abuse. On appeal, he argues that the trial court erred by permitting the government to amend its superseding information on the day of trial, and by denying his motions for judgment of acquittal and new trial.

He also contends that his consecutive sentences for the two convictions violate his rights under the Double Jeopardy Clause of the Fifth Amendment. Although we concur with appellant that the trial court erred in permitting the amendment to the information, we conclude that the error does not warrant reversal. We also conclude that the evidence was sufficient to support the convictions and that they do not merge. Therefore, we affirm.

**I.**

Appellant's convictions arise from a complaint made by fifteen-year-old V.A. During the summer of 2013, V.A. was employed as part of the Summer Youth Development Program at the Manor Village Apartment Complex in Southeast Washington, D.C. On August 2, 2013, V.A. was assigned to assist appellant with a cleaning project at a shopping center.

At approximately 10:00 a.m.,[1] appellant and V.A. took a break from their

---

[1] Appellant generally denied V.A.'s accusations and presented an alibi defense. His friend Joseph McCray testified that appellant visited him at his home between 10:30 and 10:45 a.m. and stayed for approximately forty-five minutes. Mr. McCray was impeached with statements he made during a previous interview, in which he told a government investigator that "he was pretty positive that

(continued . . .)

work and went to a nearby storage site.  Appellant sat in a chair, took out his cell phone, and began watching a pornographic film.  Appellant tried to show V.A. the film by putting his phone close to V.A.'s face.

Appellant then suggested that he and V.A. move to a room at the back of the storage site, and the two went to the room and sat near each other on milk crates. Appellant continued to watch pornography on his cell phone.  At one point, appellant asked V.A. to hold the phone while he left the room; when he returned, appellant sat down next to V.A., took back the phone, unzipped his pants, and began to masturbate.

After some time, appellant grabbed V.A.'s left wrist and moved V.A.'s left hand toward his penis.  V.A.'s hand came within one inch of appellant's penis before V.A. was able to pull his hand back.

Appellant then stood up, grabbed V.A. by the collar of his jacket, and forced V.A. to stand up and turn around, with his back facing appellant.  Appellant put

---

(. . . continued)

[appellant] was not there before 11:00" a.m. and "couldn't have stayed more than 45 minutes."

both of his arms around V.A. in a "hugging position." V.A. testified that he felt something pushing into his back, approximately four inches above his buttocks, which he assumed was appellant's penis. V.A. managed to break the embrace and ran away, encountered two fellow employees, and told them what happened. V.A. also reported the incident to his manager, who took V.A. to the Manor Village Apartments office to make a report.

On August 3, 2013, appellant was charged by information with two counts of misdemeanor sexual abuse (MSA) of a child, D.C. Code § 22-3010.01, for "touching his own penis in front of [V.A.]" (Count 1) and touching V.A. "close to the buttocks" (Count 2). A superseding information was filed September 9, 2013, charging appellant with a third count, attempted MSA of a child, for attempting to touch V.A. "outside his clothing, close to the genitalia, anus, breast or buttocks . . ."[2] Before trial began on the morning of January 30, 2014, the trial court granted the government's oral motion to amend Count 3, instead charging appellant with attempted MSA, D.C. Code § 22-3006, predicated on his attempt

---

[2] The Government's "Notice of Intent to File Superseding Information," filed the same day, specifies that the new count is based on appellant's "attempt to grab the minor child's penis" when appellant "wrapped his arms around him."

"to get [V.A.] to touch [appellant's] penis."[3] The trial court granted appellant's motion for judgment of acquittal of Count 2 (touching V.A. from behind with his penis) because V.A. only assumed — without actually knowing — that appellant had touched V.A.'s back with his penis. After the defense presented an alibi witness and appellant took the stand in his defense, the trial court found appellant guilty of the two remaining counts of the information: Count 1 for MSA of a child; and Count 3 for attempted MSA. Appellant was sentenced to incarceration for 120 days with respect to each conviction, to be served consecutively, and to 10-years mandatory registration as a sex offender. Appellant filed a timely notice of appeal.

## II.

### A. Sufficiency of the Evidence

Appellant contends that the evidence presented at trial is insufficient to support his convictions for MSA of a child and attempted MSA. Appellant argues that his convictions rest solely on V.A.'s testimony and statements he made at the

---

[3] The actual document with the amended Count 3 was presented after the government presented its case, at which time appellant was arraigned on the amended third court. Appellant pleaded not guilty and asserted "all constitutional rights."

time he reported the incident that appellant claims were unreliable because they were motivated by V.A.'s desire to find a way out of his job. He points out that the government presented no other eyewitness testimony or expert testimony from medical doctors, psychologists or psychiatrists.

On appeal, we review the evidence in the light most favorable to supporting a conviction and according to the principle that it is the trier of fact's prerogative to assess the credibility of witnesses and draw reasonable inferences from the evidence. *Long v. United States*, 940 A.2d 87, 99 (D.C. 2007). In a bench trial, the appellate court will not reverse a conviction unless "the trial court's factual findings were 'plainly wrong' or 'without evidence to support [them].'" *Id.* (alteration in original) (quoting D.C. Code § 17-305 (a) (2001)). Reversal for insufficiency of the evidence is warranted only if there is "no evidence upon which a reasonable [fact-finder] could find guilt beyond a reasonable doubt." *Olafisoye v. United States*, 857 A.2d 1078, 1086 (D.C. 2004) (citation and internal quotation marks omitted).

The testimony of a single identifying witness who is credible is sufficient to support a conviction, *see Mattete v. United States*, 902 A.2d 113, 115-16 (D.C. 2006), as corroboration is no longer necessary in sex offense cases, *Gary v. United*

*States*, 499 A.2d 815, 834 (D.C. 1985) (en banc).  Therefore, V.A.'s testimony that appellant both touched his penis in front of V.A. and tried to force V.A. to touch appellant's penis, if credited, is sufficient to support appellant's convictions.  The trial court credited V.A.'s testimony, and we defer to that evaluation of V.A.'s credibility on appeal.  *See Jenkins v. United States*, 902 A.2d 79, 87 n.12 (D.C. 2006) (noting that the trial court's evaluation of a witness's credibility is "virtually unreviewable").  We, therefore, conclude that the evidence presented at trial suffices to support appellant's convictions for MSA of a child and attempted MSA.

### B.  Amendment of Information

Appellant also contends that the trial court erred by permitting the government to amend the information on the day of trial.  He argues that the government did not seek merely to amend the information as the government asserts — to change count three from attempted MSA of a child to attempted MSA based on the same facts — but added a new charge (attempted MSA) "tailored to fit the evidence[,]" which constituted a constructive amendment to the information that prejudiced appellant.

A trial court "may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."  Super. Ct. R. Crim. P. 7 (e); *see Dyson v. United States*, 485 A.2d 194, 197 (D.C. 1984) (affirming trial court's decision to allow amendment to information where no additional or different offense was charged and no prejudice to defense could result).  We review a trial court's decision to permit an amendment to an information under Rule 7(e) for abuse of discretion. *District of Columbia v. Van Nuys*, 282 A.2d 550, 551 (D.C. 1971).[4]

The first question that must be asked in considering a request to amend an information pursuant to Rule 7(e) is whether the proposed amendment changes the original charge or adds a charge.  Here, the misconduct the United States sought to capture with the amendment to Count 3 was appellant's attempt to place V.A.'s hand on appellant's exposed penis, and not appellant's attempt to touch V.A.'s

---

[4]  We distinguish an amendment to an information, which is subject to the requirements of Superior Court Rule of Criminal Procedure 7(e), from an amendment to and variance from an indictment, the right to which is safeguarded by the Fifth Amendment of the Constitution. *See Dyson*, 485 A.2d at 497 (noting that "the restrictive rules about the amendment of an indictment do not apply to an information, which 'may be amended in either form or substance'") (quoting 1C WRIGHT FEDERAL PRACTICE AND PROCEDURE:  CRIMINAL 2D § 128 at 430 (1982))); *cf. Carter v. United States*, 826 A.2d 300, 303 (D.C. 2003) (noting that amendment of indictment infringes on a defendant's constitutional right and reversal *per se* is mandated without showing of prejudice).

penis, as was indicated by the original language of Count 3. See note 2 *supra.* The superseding information that added Count 3 charged attempted MSA of a minor under D.C. Code § 22-3010.01 (a) (2012 Repl.), which provides that the offense occurs when someone "being 18 years of age or older and more than 4 years older than a child . . . engages in sexually suggestive conduct with that child. . . ." "Sexually suggestive conduct" is defined as: "(1) [t]ouching a child or minor inside his or her clothing; (2) [t]ouching a child or minor inside or outside his or her clothing close to the genitalia; (3) [p]lacing one's tongue in the mouth of the child or minor; or (4) [t]ouching one's own genitalia or that of a third person." *Id.* at (b). By contrast, the information amended on the day of trial charged attempted MSA under D.C. Code § 22-3006 (2012 Repl.), which provides that MSA occurs when one "engages in a sexual act or sexual contact with another person and . . . should have knowledge or reason to know that the act was committed without that other person's permission." D.C. Code § 22-3001 (9) defines "sexual contact" as "the touching with any clothed or unclothed body part or any object, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

In seeking to amend the superseding information, the prosecutor explained

that although the amendment to Count 3 was based on appellant's actions with the same complainant and "the same basic facts," he was unsure whether appellant's attempt to have V.A. touch appellant's penis was adequately captured by the definition of "sexually suggestive conduct" employed in D.C. Code § 22-3010.01 (b) for MSA of a minor. Appellant objected to the amendment, arguing that the amended information charging MSA was "a completely different offense, and doesn't go with this case" because the complainant was a child. The trial court overruled the defense objection and allowed the United States to proceed on the amended information, reasoning that under Rule 7(e) amendment was permitted any time before the verdict such that the government could "pretty freely amend" so long as it did not result in prejudice to the defendant's substantial rights at trial.

It is clear that the amended Count 3 charged a different statutory offense, attempted MSA, D.C. Code § 22-3006, instead of attempted MSA of a child, D.C. Code § 22-3010.01, and that the conduct it specified also was different from what had been described in the two previous informations — appellant's attempt to have V.A. touch him, rather than vice versa. The trial court did not recognize that the change to a different offense meant that amendment was foreclosed by Rule 7(e), which requires both that there be no change or added charge *and* that the amendment not result in prejudice to the defendant's substantial rights. Instead,

the trial court considered only whether appellant would be prejudiced by the amendment and concluded that no substantial prejudice would result. Because the trial court did not apply the two separate elements of Rule 7(e), its consideration of the government's motion to amend was inherently flawed.

The trial court's error in permitting the change to attempted MSA, however, does not require that appellant's conviction for that offense be reversed. *Cf. Jones v. United States*, 124 A.3d 127, 132 n.10 (D.C. 2015) (holding on plain error review that amendment of charged offense from threats to attempted threats does not constitute reversible error under Rule 7(e) because amending information to charge a lesser-included offense is a "technical violation of Rule 7(e) but harmless") (citing *Dyson*, 485 A.2d at 197, and quoting *Gov't of the Canal Zone v. Burjan*, 596 F.2d 690, 692-93 (5th Cir. 1979)). This court's appellate jurisdiction requires that we "give judgment after an examination of the record without regard to error or defects which do not affect the substantial rights of the parties." D.C. Code § 11-721 (e) (2012 Repl.). Several factors lead us to conclude that no prejudice to appellant's substantial rights resulted from the amendment that would warrant reversal of appellant's conviction of attempted MSA. First, we perceive no prejudice to appellant from the change of the offense to attempted MSA. Even if the government's burden was reduced in that it did not need to prove V.A. was a

child for MSA, that fact appears to have been undisputed, and the government retained the burden with respect to Count 1, of which appellant was convicted. The specific conduct charged in the amendment, though slightly different from what had been described in Count 3 of the superseding information, involved the same incident, with the same complaining witness, at the same time and place.

Appellant claims he was prejudiced because the amended Count 3 was not the charge on which he was initially arraigned and it is the purpose of arraignment to advise a defendant of the charges against him. "The purposes of a criminal information are to notify the defendant of the charges he must meet at trial and to allow him to avoid dangers of double jeopardy." *Clemons v. United States*, 400 A.2d 1048, 1051 (D.C. 1979). The record does not support, however, that appellant was confused by or uncertain about the amended charge. The amended Count 3 was clear as to the offense charged and the conduct on which it was based. Appellant does not claim otherwise. Appellant was separately arraigned on that charge and he entered a plea of not guilty. Nor does the record support that appellant was surprised; defense counsel did not request a continuance when the trial court granted the government's motion to amend the information. *See Williams v. United States*, 756 A.2d 380, 388-89 (D.C. 2015) (failure to move for continuance defeats claim of surprise at trial even in light of variance from

indictment). Nor does the record support that the amendment impeded appellant's trial strategy. Appellant's defense at trial was that V.A. fabricated the allegation because he wanted to leave the summer job and that appellant had an alibi that showed he was not present where and when V.A. said the sexual misconduct occurred. Neither of these defense theories was impacted by the amendment to Count 3. Thus, we conclude that there was no prejudice to appellant's substantial rights in the trial that was had.

Moreover, even if we take into account how the trial would have proceeded without the amendment, we perceive no prejudice to appellant's substantial rights. Jeopardy had not yet attached in appellant's case because the motion to amend Count 3 was made, and granted, before the trial judge, sitting without a jury, received evidence. *Lyles v. United States*, 920 A.2d 446, 447 n.2 (D.C. 2007) (stating the general rule that jeopardy attaches in non-jury trial "when the first witness is sworn and begins testifying") (quoting *District of Columbia v. Whitley*, 640 A.2d 710, 712 (D.C. 1994)). As such, if the trial court had denied the motion to amend Count 3 — as required by Rule 7 (e) — the government could still have voluntarily dismissed the charges and filed a new information. *See United States v. Foster*, 226 A.2d 164, 166 (D.C. 1967) (stating that trial on new information following entry of *nolle prosequi* not prohibited by double jeopardy). Further still,

even if the trial court had denied the government's motion to amend Count 3 and convicted him of the unamended count of MSA of a child, and we reversed that conviction on appeal for the reason that concerned the prosecutor (i.e., that the conduct did not come within the definition of "sexually suggestive conduct") — an issue we do not resolve — the government could still have charged appellant with a new information alleging attempted MSA, as that constitutes a different offense than attempted MSA of a child. *See Abney v. United States*, 431 U.S. 651, 661 (1977) ("The Double Jeopardy Clause provides 'a guarantee against being *twice* put to trial for the same offense.'") (emphasis in original). As we discuss below, MSA and attempted MSA of a child are not the same offense for double jeopardy purposes.[5]

Finally, the amendment from attempted MSA of a minor to attempted MSA did not expose appellant to any greater statutory penalties, *compare* D.C. Code § 22-3010.01(a) (up to 180 days and $1000) *with* D.C. Code § 22-3006 (same), or to different registration requirements as a sex offender, *see* D.C. Code § 22-4001

---

[5] The double jeopardy bar would preclude retrial of MSA of a child if the conviction were reversed for insufficiency of the evidence, *see Burks v. United States,* 437 U.S. 1, 18 (1978), but the concept of "continuing jeopardy" would permit retrial if the reversal were for some other reason, *see Evans v. United States*, 987 A.2d 1138, 1141 (D.C. 2010) (quoting *Price v. Georgia*, 398 U.S. 323, 326-27 (1970)).

(8) (A) (defining "registration offense" as including an offense under Chapter 30) & (D) (including "any offense . . . that involved sexual contact with a minor").

We, therefore, conclude, after "examination of the record," that the trial court's error in permitting the government to amend the information did not affect appellant's substantial rights. D.C. Code § 11-721 (e).

## C. Merger

Finally, appellant argues that the trial court erred by imposing consecutive sentences for MSA of a child and attempted MSA because the convictions arose from a single continuous act and, therefore, merge. Appellant argues that imposition of consecutive sentences violates his double jeopardy rights because the government's evidence "failed to indicate that any time passed between" the events underlying the convictions, i.e. appellant's masturbating and attempting to force V.A. to touch his penis.

The court reviews de novo whether two convictions merge for double jeopardy purposes. *Kaliku v. United States*, 994 A.2d 765, 787 (D.C. 2010). Although the Double Jeopardy Clause prohibits multiple punishments for the same

offense, "[t]here is no double jeopardy bar to separate and cumulative punishments for separate criminal acts, even if those separate acts do happen to violate the same criminal statute." *Brown v. United States*, 795 A.2d 56, 63 (D.C. 2002) (citation and internal quotation marks omitted). Offenses do not merge if they "arise out of separate acts or transactions." *Reeves v. United States*, 902 A.2d 88, 89 (D.C. 2006). Consequently, "[i]f at the scene of the crime the defendant can be said to have realized that he has come to a fork in the road, and nevertheless decides to invade a different interest, then his successive intentions make him subject to cumulative punishment." *Spain v. United States*, 665 A.2d 658, 660 (D.C. 1995).

Here, appellant was convicted of MSA of a child and attempted MSA. These are different offenses for double jeopardy purposes; MSA of a child has age requirements for the victim and perpetrator, while attempted MSA has a knowledge-of-lack-of-consent requirement. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) (noting that two offenses are different, for double jeopardy purposes, if "each requires proof of a fact which the other does not"). Moreover, the conduct underlying each conviction represents a discrete criminal act for which appellant can properly be punished separately. Appellant's MSA of a child conviction was premised on appellant masturbating in front of V.A., while his attempted MSA conviction was premised on his attempt to force V.A. to touch

appellant's penis. Appellant not only reached a "fork in the road" between these two actions, at which he could have chosen to not try to force V.A. to touch his penis, but the conduct was markedly different as well; one conviction involved appellant touching himself, while the other was based on appellant's attempt to force V.A. to touch him. We are satisfied that appellant was convicted of two different statutory offenses and that the criminal conduct on which each conviction was predicated represented a discrete act for which appellant could be punished separately.

## III.

We conclude that the evidence presented at trial is sufficient to support appellant's convictions for MSA of a child and attempted MSA and that the convictions do not merge. We also conclude that the trial court's error in allowing amendment of the information does not warrant reversal of appellant's convictions. Accordingly, the judgment is

*Affirmed.*